IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

MAWUYRAYRASSUNA　　　　　　　:
EMMANUEL NOVIHO,　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　: NO.: 16-3047
　　　　　　　　　　　　　　　　　　:
V.　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
LANCASTER COUNTY, et al.,　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendants.　　　　　:

---

## BRIEF OF APPELLANT

---

George A. Reihner
Frank J. Tunis, Jr.
**WRIGHT & REIHNER, P.C.**
148 Adams Avenue
Scranton, PA 18503
(570) 961-1166
(570) 961-1199 – fax

*Attorneys for Appellant*
*Mawuyrayrassuna Emmanuel Noviho*

# TABLE OF CONTENTS

I.  STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION ........................................................................................ 1

II.  STATEMENT OF ISSUES PRESENTED ........................................ 2

III. STATEMENT OF RELATED CASES AND PROCEEDINGS .................... 3

IV. APPLICABLE STANDARD OF APPELLATE REVIEW ........................ 4

V.  STATEMENT OF THE CASE ...................................................... 5

    A.  Nature of the Case ........................................................ 5

    B.  Procedural History ........................................................ 5

    C.  Statement of Facts ........................................................ 6

VI. SUMMARY OF ARGUMENT ...................................................... 14

VII.    ARGUMENT .................................................................... 14

    A.  Standard of Appellate Review .......................................... 15

    B.  Noviho's Complaint States Plausible Claims for Unlawful Seizure, Wrongful Arrest and False Imprisonment Against Defendants Brown and Dissinger .................... 15

    C.  Noviho's Malicious Prosecution Claim Was Also Erroneous by Dismissal ........................................................ 23

    D.  Noviho Sets Forth Plausible Claims for Conspiracy Against Defendants ........................................................ 24

    E.  Monell Claim ................................................................ 26

VIII.   CONCLUSION .................................................................. 27

# TABLE OF AUTHORITIES

## Cases

Albright v. Oliver,
510 U.S. 266, 276, 114 S. Ct. 807, 814, 127 L. Ed. 2d 114 (1994)...................17

Anderson v. Goga,
2011 U.S. Dist. LEXIS 115041, (W.D. Pa. Oct. 5, 2011).......................16, 22

Ankele v. Hambrick,
286 F. Supp. 2d 485 (E.D. Pa. 2003)...........................................................19

Jackson v. City of Pittsburgh,
688 F. Supp. 2d 379 (W.D. Pa. 2010)..........................................................20

Jaslar v. Zavada,
2009 U.S. Dist LEXIS 1772, (M.D. Pa. Jan. 12, 2009)..............................16

Johnson v. Knorr,
477 F. 3d 75 (3d Cir. Pa. 2007)...........................................15-18, 21, 23

Kossler v. Crisanti,
564 F. 3d 181, (3d Cir. 2009)....................................................................23

Malley v. Briggs,
475 U.S. 335 (1986).................................................................................22

O'Hara v. Hanley,
2011 U.S. Dist. LEXIS 26180, (W.D. Pa. March 15, 2011)........................17

Oran v. Stafford,
226 F. 3d 275, 281 (3d Cir. 2000)..............................................................15

Posr v. Doherty,
944 F.2d 91, 100 (2nd Cir. 1991)...............................................................17

United States v. Laville,
480 F. 3d 187 (3d Cir. 2007).......................................................................23

Wilson v. Russo,
212 F.3d 781, (3d Cir. 2000)……………………………………………...16

Wright v. City of Philadelphia,
409 F. 3d 595 (3d Cir. 2005)……………………………….....................14-19, 21

## **Statutes**

Fed. R. Civ. P. 12(b)……………...…………………………………...1, 5

U.S. Const. amend. IV……………………………………………...2, 21, 22

28 U.S.C. § 1291……………………….………………………………..1, 4

28 U.S.C. § 1331……………………………………………………...1, 4

75 Pa. C.S. § 3333…………………………………………………....18

75 Pa. C.S. § 3364…………………………………………………....18

75 Pa. C.S. § 4305…………………………………………………....18

75 Pa. C.S. § 6304…………………………………………………...20

75 Pa. C.S. § 6502…………………………………………………....17

## I.    STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The appellate jurisdiction of this Court is based upon a notice of appeal filed by Mawuyrayrassuna Emmanuel Noviho ("Noviho") pursuant to 28 U.S.C. § 1291 from an order of dismissal entered by the Honorable Judge Jeffrey L. Schmehl of the United States District Court for the Eastern District of Pennsylvania on June 2, 2016, docketed to Civil Action No. 5:15-CV-3151.   In dismissing Noviho's complaint, with prejudice, Judge Schmehl granted defendants'/appellees' motions to dismiss pursuant to Fed. R. Civ. P. 12(b).   The trial court had jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II.    **STATEMENT OF ISSUES PRESENTED**

A.    Whether the trial court erred in dismissing Noviho's unlawful seizure/wrongful arrest/false imprisonment and malicious prosecution claims under the Fourth Amendment in Counts I and II based on the three (3) summary traffic offenses for which Noviho was charged and convicted in a separate proceeding.

Suggested Answer:  Yes.

B.    Whether the trial court erred in dismissing the derivative conspiracy and Monell claims which were predicated on the Fourth Amendment claims asserted in Counts I and II as aforesaid.

Suggested Answer:  Yes.

## III.    <u>STATEMENT OF RELATED CASES AND PROCEEDINGS</u>

Noviho is not aware of any other case or proceeding that is in any way related, completed, pending or about to be presented before this Court or any other court or agency, state or federal.

## IV.   **APPLICABLE STANDARD OF APPELLATE REVIEW**

The trial court had jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.   This Court's jurisdiction over this appeal is predicated upon 28 U.S.C. § 1291.

## V.    STATEMENT OF THE CASE

### A.    Nature of the Case

This appeal arises from a civil rights action instituted by Noviho on June 15, 2015.    Defendants/Appellees Lancaster County Pennsylvania, Scott F. Martin, Todd E. Brown, Esq. and Christopher Dissinger (collectively, "Defendants") filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b) on July 17, 2015 and August 31, 2015, respectively.[1]    In support of their motions, Defendants asserted that Noviho's complaint failed to state a claim showing he was entitled to relief.    Based on the record before the trial court, Defendants failed to satisfy their burden of proof.    Nevertheless, after briefing and oral argument, the trial court granted Defendants' motions and dismissed Noviho's complaint, with prejudice.

### B.    Procedural History

On June 5, 2015, Noviho filed a civil rights complaint against Defendants. On July 17, 2015 and August 31, 2015, respectively Defendants filed motions to dismiss Noviho's complaint pursuant to Fed. R. Civ. P. 12(b).

On June 2, 2016, the trial court entered an order stating that:

AND NOW, this 2nd day of June, 2016, upon consideration of the defendants' motions to dismiss and all responses and replies thereto, it is hereby ORDERED:

---

[1] On February 19, 2016, Defendant Dissinger supplemented his motion to dismiss by attaching to his motion the February 17, 2016 memorandum decision of the Pennsylvania Superior Court wherein Noviho's summary vehicle code offense convictions, as found by the trial court, were affirmed.

5

1. The motion of defendant Christopher Dissinger to dismiss [Doc. 12] is GRANTED.
2. The motion of defendants Lancaster County, Scott F. Martin and Todd E. Brown to dismiss [Doc. 17] is GRANTED.
3. The Complaint is DISMISSED with prejudice.

Noviho filed a timely notice of appeal on July 1, 2016. Now, Noviho submits this brief in support of his appeal.

### C.   <u>Statement of Facts</u>

At approximately 6:50 p.m. on Monday, November 12, 2012, Noviho, a licensed commercial truck driver for CR England, Inc., was driving a 2012 Freightliner Cascadia tractor northbound on Pennsylvania State Route 222 in Lancaster County, Pennsylvania. (Appendix II, pgs. 5-6; Complaint, ¶¶ 12-13). An experienced tractor trailer operator with C.R. England, Inc., Gregory Guerrier ("Guerrier"), was in the passenger seat. (<u>Id.</u>) The conditions that evening were clear and dry. (<u>Id.</u>) They were not hauling a trailer. (<u>Id.</u>, at ¶ 13).

During their trip, Guerrier noticed from the passenger seat that two switches on the tractor's dashboard were in the off position; specifically, the airbag and axle differential switches. (<u>Id.</u>, at ¶ 14). He directed Noviho to pull to a stop on the right hand shoulder of State Route 222 in order to activate the two (2) switches. (<u>Id.</u>). According to both Noviho and Guerrier, the entire stop took less than thirty (30) seconds, during which time the tractor's headlights and taillights remained on. (<u>Id.</u>).

6

After activating the aforementioned switches, Noviho turned on the tractor's four-way flashers and began to drive up the shoulder of State Route 222. (Id. at pg. 25; Complaint, ¶ 15). He did so for approximately sixteen (16) seconds before accessing the driving lane of State Route 222. At that time, the tractor was travelling approximately seventeen and a half (17½) miles per hour. (Id.).

At that very same time, Katie West ("West") was operating a 1996 Volkswagon Passat northbound on State Route 222 behind Noviho. (Appendix II pgs. 6-7; Complaint, ¶ 16). There were three (3) passengers in the Passat: Joshua West, West's husband, Jocelyn West, West's daughter, and Joshua Charles West, West's infant son. (Id.). None of them were belted or properly restrained as required by law. (Id.).[2]

West was operating the Passat at a rate of speed in excess of the posted limit. (Id., at pg. 26; Complaint ¶ 17). She was also driving under the influence of heroin and methadone. Her husband, Joshua West, was also under the influence of morphine, if not heroin. (Id.). Due to their impairments, they did not or could not pay proper attention to the roadway ahead. As a result, West drove their Passatt at seventy (70) miles per hour straight into the rear of Noviho's tractor without

---

[2] Jocelyn West was on a booster seat that was not secured to the Passat, and Joshua Charles West was buckled into a car seat that was just sitting on the rear seat of West's vehicle. (Id.).

attempting to brake or otherwise initiating an evasive maneuver.  (Id.; Complaint, ¶ 18).

After the collision, Noviho pulled over to the right shoulder of Route 222 and turned off the tractor's lights.  The results of the collision were catastrophic: Joshua West died at the scene; Joshua Charlie West died at the hospital; and West suffered multiple injuries for which she has received treatment.  (Appendix II at pgs. 26-27; Complaint ¶ 19).  Jocelyn West, miraculously, was uninjured.  (Id.).

Shortly after the tractor pulled off the road, a woman and her husband (unknown to Noviho and Guerrier) arrived at the scene and checked on Noviho and Guerrier.  (Id. At pg. 27;Complaint, ¶ 20).  She told Noviho to remain in the tractor until medical personnel arrived.  (Id.).  She also told Noviho that the [Passat] had been speeding and driving erratically before the collision.  (Id.).  Manheim Township Police Officer David Onda ("Officer Onda") next approached the tractor.  (Id.; Complaint ¶ 21).  When Noviho could not respond to Officer Onda's questions regarding his injuries, Officer Onda directed Noviho to remain in the tractor and that he would have an ambulance dispatched for him.  (Id.).  Noviho complied and shortly thereafter, Noviho and Guerrier were transported by ambulance to a local hospital.  (Id.).

At approximately 8:20 p.m. on November 12, 2012, Dissinger, a Manheim Township Police Officer, approached Noviho at the hospital to speak with him

about the crash. (Appendix II at pg. 28; Complaint, ¶ 23). Noviho briefly described the accident and reiterated to Dissinger the events of the day. (Id.). After Dissinger spoke with Noviho, he contacted Defendant Assistant District Attorney Todd E. Brown ("Brown") who directed him to get a blood sample from Noviho. (Id.).[3] The blood test confirmed that Noviho was not under the influence of drugs or alcohol at the time of the collision. (Id.).

While Dissinger was interviewing Noviho, another Manheim Township Police Officer, Detective Robert Beck ("Beck"), was interviewing Guerrier. (Appendix II at pgs. 28-29;Complaint, ¶ 24). Based on their collective interviews at the hospital, Beck and Onda were aware of, inter alia, the following:

- a woman told Noviho that the [Passat] had been speeding and driving erratically prior to the collision;

- that there was a car proceeding northbound on State Route 222 about three (3) to four (4) car lengths ahead of them which was illuminating the road;

- that it was very dark outside and that Noviho was driving the tractor with the headlights and taillights activated, otherwise they could not have seen where they were going; and

- Noviho had pulled off State Route 222 in order to activate the above-referenced switches and that he was struck from the rear very shortly after accessing the driving lane of State Route 222.

(Id.).

---

[3] Noviho consented to Officer Onda's request to submit to a blood test. (Id.).

The above material facts, and many others, were ignored, concealed, omitted and/or withheld by Dissinger and Brown when their seven (7) month "investigation" was closed and charges were filed against Noviho.    (Id.). Interestingly, West elected not to be represented by criminal counsel during the investigation despite engaging such counsel for her prior, albeit less serious, criminal arrests.[4] Rather, during Defendants' extended "investigation", West elected to be represented by a high-profile personal injury attorney.    During the investigation, both West's civil attorney and her brother, Martin met with representatives of the District Attorney's office, including Lancaster County District Attorney Craig W. Stedman ("Stedman") and Brown, the lead investigator on the case. (Id.).

During this time, Martin and those acting in concert with him, including West's civil attorney, lobbied for criminal charges to be filed against Noviho, not West.  In doing so, Martin wrongfully abused his personal and political influence with Dissinger, Brown and Stedman.  (Id.).  Martin's last meeting with Stedman and Brown was held just before charges were filed against Noviho, but not West. (Id.).  Those charges were filed for the purpose of enhancing the value of West's

---

[4] West did not engage defense counsel because Martin knew that Stedman, a close friend and fellow Republican, would not prosecute West for crimes associated with the deaths of her husband and son.  Martin was also comforted by the fact that he had maintained a cordial relationship with Dissinger since high school.  They were close friends then who played together on numerous school sports teams.

and the Martin family's then pending civil action against C.R. England, Inc. and Noviho. (Id.).

On June 7, 2013, Dissinger presented an application for an arrest warrant for Noviho, along with a supporting affidavit of probable cause, to Magisterial District Judge David P. Miller ("Judge Miller") for approval.  (Id. At pg. 29; Complaint, ¶ 25).  Both of those documents were prepared with the aid and assistance of Brown who lead, directed and/or supervised the seven (7) month "investigation" of the West/Noviho collision.  (Id.).  Based on the incomplete, knowingly false and materially misleading affidavit of probable cause, Judge Miller approved the charges against Noviho as requested by Dissinger and Brown.  As the record before the trial court made clear, Noviho's arrest warrant clearly revealed that he was being arrested for felonies, not summary vehicle code violations.

As summarized below and set forth more fully in Noviho's Complaint, had a truthful account of the West/Noviho collision been presented to Judge Miller, West, not Noviho, would have been charged, and the value of the West-Martin family civil actions would have plummeted, perhaps to zero:

- First, West was not travelling sixty-five (65) miles per hour at the time of the crash as represented by Dissinger's affidavit of probable cause.   James Schlinkman ("Schlinkman"), a purported witness to the accident, admitted to police on November 12, 2012, that he was travelling seventy (70) miles per hour behind West's vehicle and that he was not gaining ground on her Passat. (Id. at pgs. 30-31; Complaint at ¶ 27);

- Second, West was operating her vehicle under the influence of heroin and other prescription medication. Also, a burnt spoon used for heating heroin was found in her purse at the crash site. Dissinger and Brown concealed, withheld and/or omitted this incriminating information from Magistrate Judge Miller. (Id. at pg. 31; Complaint ¶¶ 28-29);

- Third, West made no effort to brake or take any evasive action before the crash. Rather, she drove her Passat straight into the rear of Noviho's tractor at seventy (70) miles per hour. On that issue, there is no dispute, however, to deflect judicial scrutiny away from West, Dissinger and Brown merely told Judge Miller that West did not have time to appropriately perceive and react to Noviho's tractor. (Id. at pg. 31-32; Complaint at ¶ 30);

- Fourth, West's children were not properly restrained and/or secured in safety or booster seats as mandated by Pennsylvania law. Despite the foregoing, Dissinger and Brown contrived their affidavit of probable cause to create the knowingly false impression that West's children were properly restrained in order to prevent Judge Miller from considering West's culpability for the crash. (Id.);

- Fifth, three (3) witnesses (Schlinkman, Guerrier and Noviho) advised police on November 12, 2012, that a woman at the crash scene reported that West's Passat had been travelling erratically and at an excessive rate of speed prior to the crash. However, Dissinger and Brown concealed, withheld and/or omitted these facts from Judge Miller to shield West's culpability from judicial scrutiny. (Id. at pg. 33; Complaint ¶ 32); and

- Sixth, Dissinger and Brown presented as unchallenged the averment to Judge Miller that Noviho's vehicle was travelling in total darkness on State Route 222 without any headlights, taillights or other illumination. In contrast, both Noviho and Guerrier represented to the police and medical personnel on November 12, 2012, that the tractor's headlights and taillights were illuminated at all times with respect to the crash and that the tractor's four-way flashers were engaged while Noviho was

12

driving on the right-hand shoulder of State Route 222. (Id. at pgs. 33-34; Complaint ¶¶ 33-34). Dissinger and Brown did not want Magistrate Judge Miller to be aware of that material information.

Of significant importance, Dissinger and Brown accepted as true the statements of three (3) purported witnesses, West, Schlinkman and Michelle Levitsky ("Levitsky"), and rejected and ignored as false the statements of Noviho and Guerrier. (Id.). With that said, Dissinger and Brown knew, as of June 7, 2013, that neither West, Schlinkman nor Levitsky were credible, consistent or otherwise worthy of belief. (Id.). Dissinger and Brown, for the reasons set forth above, intentionally withheld that information from Judge Miller. In essence, Dissinger and Brown failed to disclose to Judge Miller any of the material exculpatory and/or contradictory evidence that was uncovered during their seven (7) month "investigation".

As previously stated, due to the knowingly false and materially misleading affidavit of probable cause, Noviho was charged with vehicular homicide and multiple other felonies related to the above-mentioned automobile/tractor-trailer crash, a collision caused by West, Martin's sister. (Id. at pg. 20; Complaint, ¶ 1). Rather than having his sister held accountable for her acts, Martin, and those acting in concert with him, including Brown and Dissinger, filed knowingly contrived felony charges against Noviho. (Id. at pg. 21; Complaint ¶ 3).

## VI.   **SUMMARY OF ARGUMENT**

After a seven (7) month investigation, Dissinger and Brown concluded their investigation surrounding the West/Noviho collision on State Route 222. The collision resulted in the death of West's husband and son. Despite West's speeding, reckless driving and pharmaceutical impairment, Noviho was charged with three (3) felony counts, the most serious of which was vehicular homicide. The charges against Noviho were contrived by Dissinger and Brown to shield West, Martin's sister, from criminal exposure and to enhance the value of West's civil action against Noviho and his employer. Noviho was acquitted by the jury of all felony charges; he was convicted by the trial court on three (3) summary vehicle code violations.

Noviho's false arrest, malicious prosecution and conspiracy charges were dismissed by the trial court. In doing so, the trial court improperly applied the Wright rationale to immunize Dissinger and Brown from their misconduct. Moreover, the trial court wrongfully determined that the jury's acquittal of Noviho and subsequent vehicle code convictions of Noviho by trial court were part of the same proceeding. They were not.

## VII.   **ARGUMENT**

A. **Standard of Appellate Review**

This Court's review of the trial court's order dismissing Noviho's complaint, with prejudice, for failing to state a claim for which relief can be granted is plenary.  Oran v. Stafford, 226 F. 3d 275, 281 (3d Cir. 2000).

B. **Noviho's Complaint States Plausible Claims for Unlawful Seizure, Wrongful Arrest and False Imprisonment Against Defendants Brown and Dissinger**

In Counts I and II, Noviho asserted related causes of action against Dissinger and Brown, namely unlawful seizure, wrongful arrest and false imprisonment.  The trial court determined, however, that Dissinger and Brown had probable cause to arrest Noviho; therefore, the trial court ruled that Dissinger and Brown cannot be held liable for unlawfully arresting Noviho for the charges on which he was acquitted at trial.

The trial court's finding that Noviho failed, as a matter of law, to assert viable claims against Brown and Dissinger for unlawful seizure, wrongful arrest and false imprisonment is based on a misapplication of this Court's holding in Johnson v. Knorr, 477 F. 3d 75 (3d Cir. 2007).  In Johnson, this Court, following its earlier holding in Wright v. City of Philadelphia, 409 F. 3d 595 (3d Cir. 2005), determined that "in analyzing false arrest claims, a court to insulate a defendant from liability need only find that '[p]robable cause … existed as to any offense that

could be charged under the circumstances'." Id.    Johnson at 84-85 (citation omitted).

Based on the sweeping language in Johnson and Wright, the trial court determined that the summary vehicle code convictions of which Noviho was convicted by the court preclude Noviho from successfully asserting false imprisonment-related claims against Brown and Dissinger on the felony charges for which he was acquitted.    In short, the trial court found that Noviho's false imprisonment claims against Brown and Dissinger must fail because there was probable cause to support Noviho's summary vehicle code convictions.    While Wright, if applicable, would support that result, this Court rejected the trial court's dismissal of Johnson's complaint by reversing and remanded the case for further proceedings.[5]

---

[5] Defendants and the trial court lost sight of the fact that where -- as here -- wrongful arrest cases are premised on the alleged omission of material facts/exculpatory evidence from an affidavit of probable cause, there is usually no dispute that the affidavit, "on its face", is sufficient to support a finding probable cause by a magisterial district judge. Jaslar, 2009 U.S. Dist. LEXIS 1772 at * 17. See also Anderson, 2011 U.S. Dist. LEXIS 115041 at ** 13-14. That is why the issue of probable cause must "be decided in the context of all alleged material misrepresentations in and omissions from the probable cause affidavit for which there is evidentiary support". Jaslar, 2009 U.S. Dist. LEXIS 1772 at * 13. To this end, "the materiality of the alleged misstatements and purported omissions is determined by excising from the probable cause affidavit the alleged 'offending inaccuracies and insert[ing] the facts recklessly omitted, and then determine[ing] whether or not the corrected warrant affidavit would establish probable cause'". Jaslar, 2009 U.S. Dist. LEXIS 1772 at ** 10-11 (alterations in original)(quoting Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000)). "The purpose of this analysis

Under the facts of this case, the trial court's strict application of the <u>Wright</u> and <u>Johnson</u> holdings that probable cause for any charged offense constitutes probable cause for all charged offenses was misplaced and erroneous.[6]  As the Second Circuit earlier held in <u>Posr v. Doherty</u>, 944 F. 2d 91, 100 (2d Cir. 1991), the trial court must separately consider whether probable cause exists as to each and every charge.  <u>Posr</u>, 944 F. 2d 100.  In <u>Johnson</u>, this Court recognized that its broad holding in <u>Wright</u> was not intended to insulate law enforcement officers from liability in all cases in which probable cause existed on any one charge.  As such, after finding that the trial court in <u>Johnson</u> did not separately analyze whether probable cause existed for that claim, this Court reversed the trial court.  But for

---

is to assure that a police officer is not free to disregard plainly exculpatory evidence when preparing the affidavit of probable cause".  <u>O'Hara v. Hanley</u>, 2011 U.S. Dist. LEXIS 26180, * 19 (W.D. Pa. March 15, 2011).  No such analysis was performed by the trial court.

[6] In <u>Wright</u>, this Court, in a single paragraph and without citation to any legal precedent adopted the above-referenced proposition.  Applying this sweeping proposition to the case at bar improperly provides Dissinger and Brown with, in essence, immunity or insulation from prosecution for their civil rights violations.  This is precisely the result the Second Circuit sought to avoid in <u>Posr v. Doherty</u>, 944 F.2d 91, 100 (2nd Cir. 1991).  For that reason, this Court in <u>Johnson</u> refused to blindly follow this Court's holding in <u>Wright</u>.  The circumstances of Noviho's case demand equal treatment.  Unlike the facts in <u>Wright</u>, which were simple and straightforward, the same cannot be said for this matter.  Here, Brown and Dissinger engaged in a seven (7) month investigation and, at the conclusion thereof, prepared and presented to Judge Miller an affidavit of probable cause that was false and materially misleading.  They did so, as set forth in detail in Noviho's Complaint to carry favor with or otherwise appease West's brother, Martin.  For similar reasons, this Court in <u>Johnson</u> refused to the blanket in holding in <u>Wright</u>.

the decision to limit the holding of <u>Wright</u>, the law enforcement officers in <u>Johnson</u> would have been insulated for their claimed misconduct.[7]

It should be noted that the trial court's characterization of Noviho's three (3) convictions as "crimes" is materially incorrect. Noviho was convicted of three (3) motor vehicle code violations by the trial judge, not the jury. All such convictions were summary offenses, not crimes. As stated by Section 6502 of Pennsylvania's Motor Vehicle Code, "[i]t is a summary offense for any person to violate any of the provisions of this title unless the violation is by this title or other statute of this Commonwealth declared to be a misdemeanor or felony." 75 Pa. C.S. § 6502(a). Said Section further states that "Title 18 (relating to crimes and offenses), insofar as it relates to fines and imprisonment for convictions of summary offenses, is not applicable to this title." <u>Id.</u>, at § 6502(c). Here, the three (3) provisions of the Motor Vehicle Code which Noviho purportedly violated were all summary

_____

[7] While the <u>Johnson</u> court clearly reserved for defendants the argument that the charges for which there may not have been probable cause did not result in additional restrictions on the plaintiff's liberty, the same cannot be said here. Noviho's summary motor vehicle code violations did not and could not impose any restrictions on Noviho's liberty. The felony charges instituted against Noviho without probable cause were the only charges on which Noviho's liberty was restricted. As Justice Ginsberg found in her concurring opinion in <u>Albright v. Oliver</u>, 510 U.S. 266, 276, 114 S. Ct. 807, 814, 127 L. Ed. 2d 114 (1994) a defendant released on bail -- as was Noviho -- is scarcely at liberty. Quite simply, he is detained.

offenses to which Title 18 (relating to crimes and offenses) is inapplicable. See id., at §§ 3333, 3364, 4305.[8]

Following the blanket holding in Wright, the trial court's decision can be best summarized as follows: because there was probable cause to arrest Noviho on the three (3) summary charges for which he was convicted, Noviho's claims for unlawful seizure, wrongful arrest, false imprisonment and malicious prosecution must fail because his arrest was lawful because, at the very least, one (1) of the summary charges were supported by probable cause. (Motion, ¶ 35). This argument fails because the three (3) offenses for which Noviho was convicted were not arrestable offenses under the circumstances.

First, under Section 6304, a member of the Pennsylvania State Police may arrest a person without a warrant for a violation of the Motor Vehicle Code only if (1) the officer is in uniform, and (2) any provision of the Motor Vehicle Code is violated "in the presence of the police officer making the arrest." 75 Pa. C.S. § 6304(a) (emphasis added). The trial court, in Ankele v. Hambrick, 286 F. Supp. 2d 485 (E.D. Pa. 2003), analyzed whether the defendant, a state trooper, had probable cause to arrest the plaintiff, who was arrested for and charged with three (3) offenses: driving under the influence, leaving the scene of an accident, and driving

---

[8] Violations of Sections 3333, 3364 and 4305 are not declared to be misdemeanors or felonies by either the Motor Vehicle Code or any other statute of this Commonwealth. See 75 Pa. C.S. §§ 3333, 3364, 4305.

at an unsafe speed. Id., at 491. See also Jackson v. City of Pittsburgh, 688 F. Supp. 2d 379 (W.D. Pa. 2010) (the court denied summary judgment on the issue of whether the officer had probable cause to arrest the plaintiff for disorderly conduct, resisting arrest and driving without a license, even though plaintiff pled guilty to the charge of failing to use a turn signal, a summary offense under the Motor Vehicle Code).

Second, the fact that all three (3) Motor Vehicle Code violations are summary offenses means that any proceedings instituted for such offenses must follow summary procedure. See 234 Pa. Code Ch 4. Under Chapter 4 of the Pennsylvania Code, there are four (4) means by which proceedings in summary cases shall be instituted: (1) issuing a citation to the defendant; (2) filing a citation; (3) filing a complaint; or (4) arresting without a warrant when arrest is specifically authorized by law. Id., at Rule 400 (emphasis added). Further, there are only two (2) situations in which an arrest warrant for the defendant will be issued: (1) the citations or summons is returned undelivered; or (2) the issuing authority has reasonable grounds to believe that the defendant will not obey the summons. Id., at Rule 430(A). In fact, the introductory note to Chapter 4 states the following:

> The general scheme laid out in these rules is that normally summary cases will be instituted not by arrest, but by a law enforcement officer (as defined in Rule 103) handing a citation to the defendant at the time the offense is committed. There may, however, be situations when it is not feasible to immediately issue a citation to the defendant; in these situations, the law enforcement officer would file a citation with

the district justice. . . . When either a citation or a complaint is filed
with the district justice, the district justice is expected thereafter to
issue a summons to the defendant. Following issuance of process, the
rules contemplate that the defendant will respond to the process by
either pleading not guilty, after which a summary trial is conducted, or
pleading guilty and paying the fine and costs.

Id., at Ch 4 Note. Thus, it is clear that summary offenses that follow summary

procedure do not constitute arrestable offenses unless certain circumstances arise.

In the case at bar, it is undisputed that Noviho did not commit any of the

three (3) purported motor vehicle code violations in the presence of a uniformed

police officer. Since an arrest without a warrant would not have been authorized

by law, thereby making an arrest without a warrant illegal, law enforcement should

have either filed a citation, filed a complaint, or issued a citation directly to

Noviho. However, none of those three (3) options were undertaken. Thus, it is

quite clear that Noviho's arrest for the three (3) motor vehicle code violations was

illegal and, consequently, does not comport with the Third Circuit's determination

in Wright or Johnson. The trial court simply ignores the fact that Noviho should

never have been arrested for the three (3) motor vehicle code violations he was

convicted of because the circumstances in no way justified an arrest, with or

without a warrant. Moreover, the trial court failed to analyze whether probable

cause existed with respect to all of the charges that Dissinger and Brown caused to be filed against Noviho.[9]

In sum, and significantly, a Fourth Amendment civil rights claim is predicated upon the existence of a "seizure". Here, it is undisputed that Noviho was "seized" under federal constitutional law. Defendants and the trial court purport to legitimize the seizure on fact that Noviho was found guilty of three (3) summary motor vehicle code violations and the probable cause findings supporting those convictions precludes Noviho from asserting false arrest-related claims against Brown and Dissinger for the felony charges for which he was acquitted. However, the trial court, like Defendants, ignores the gravamen of Noviho's claim … that the three (3) motor vehicle code violations are not arrestable offenses under the circumstances of this case, rendering Noviho's "seizure" unlawful and that no probable cause finding could be made on the felony charges because Dissinger and

---

[9] Arresting officers are not free to conceal from the magistrate judge the conflicting information and exculpatory evidence because it creates the "'unnecessary danger of unlawful arrest'". 615 F.3d at 223 (quoting Malley v. Briggs, 475 U.S. 335 (1986)). See also Anderson, 2011 U.S. Dist. LEXIS 115041 at ** 17-18 ("alleged victims' mental condition, her previous history of sexual assault accusations, and other information known to defendant officer sufficient to cast doubt on the veracity of [victim's] accusations" would "suggest the required element for Plaintiff's claims that such facts would have been pertinent to the essential inquiry of probable cause"); Malley, 475 U.S. at 345-46 (because magistrate judges are fallible and may make mistakes, it is "reasonable to require the officer applying for the warrant to minimize this danger by exercising reasonable professional judgment").

Brown engaged in a scheme to have Noviho charged based on knowingly false and incomplete information.[10]

### C. Noviho's Malicious Prosecution Claim Was Also Erroneous by Dismissal

Noviho's malicious prosecution claim in Count III was also dismissed by the trial court. A claim for malicious prosecution under Section 1983, for violation of the 4th Amendment, requires the following:

> (1) The defendant initiated a criminal proceeding, (2) the proceeding ended in plaintiff's favor, (3) the defendant initiated the proceeding without probable cause, (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice, and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding. Johnson, 477 F. 3d at 82-83 (3d Cir. 2007). Failure to meet any element is fatal to the claim. Kossler v. Crisanti, 564 F. 3d 181, 186 (3d Cir. 2009)(en banc).

In addition to the arguments addressed above, the trial court dismissed Noviho's malicious prosecution claims because Noviho purportedly did not satisfy the favorable termination requirement. Noviho contends that he did prevail on the three (3) felony counts for which he was charged because the jury acquitted him of

---

[10] The trial court avoids this issue by relying exclusively on United States v. Laville, 480 F. 3d 187 (3d Cir. 2007) for the proposition that the question of whether a plaintiff's 4th Amendment rights were violated is to be decided by federal law and that "reasonableness" is the central inquiry under that analysis. While Dissinger and Brown's intentional misrepresentations in the affidavit of probable cause and willingness to mislead Judge Miller for the purpose of charging Noviho and not West does, in fact, violate Pennsylvania law, that objectively verifiable misconduct can, and must, be reviewed for its reasonableness under federal law.

all three (3) felonies.  In contrast to the trial court's unsupported claim, Noviho contends that his three (3) felony acquittals (3) and his three (3) non-jury convictions (3) were decided in separate proceedings.  They were, in fact, decided by completely different fact finders and the trial judge's summary convictions were not announced until the jury's verdict had been delivered in open court and the trial judge had an opportunity to speak privately with the jury.  After that private communication, the trial court reconvened the proceedings, cancelled oral argument on the summary charges and announced his verdict without further elaboration.

While the trial court accurately points out that no case law exists to support Noviho's separate proceeding assertion, there is no case law that rejects Noviho's assertion.  Quite simply, it is a question of first impression.  Noviho urges this Court to adopt his argument and determine that Noviho's three (3) felony acquittals were decided by a jury and his summary motor vehicle code violations were decided by the trial court in a separate judicial proceeding.

### D. Noviho Sets Forth Plausible Claims for Conspiracy Against Defendants

The trial court found that Noviho's claims of conspiracy against the remaining Defendants must fail, as a matter of law, because "Noviho failed to state claims for the underlying objects of the conspiracy, i.e.[,] the unlawful seizure, wrongful arrest, false imprisonment and malicious prosecution claims." (Motion, ¶

24

48).   The trial court did not otherwise address Defendants' conspiracy-related claim challenges.

The trial court's conspiracy claim decision is predicated upon a finding by this Court that the trial court's rulings concerning Counts I, II and III of Noviho's complaint are correct.   As argued at length above, the trial court is incorrect because Noviho's complaint has sufficiently set forth plausible claims for unlawful seizure, wrongful arrest, false imprisonment and malicious prosecution.   See supra, pp 9-20.

Defendant's other conspiracy defenses -- which the trial court ignored -- are undermined by the fact that Noviho's complaint is riddled with allegations of overt acts taken by Dissinger and Brown to unlawfully charge Noviho with vehicular homicide and multiple related felonies.   A plain reading of Noviho's complaint demonstrates as such and any argument to the contrary is disingenuous.

Noviho clearly states that Dissinger and Brown voluntarily ignored, concealed, omitted and/or withheld material facts during the seven (7) month "investigation", and that Martin and those acting in concert with him wrongfully abused their personal and political influences with Dissinger, Brown and Stedman in order to have criminal charges filed against Noviho. (Complaint, ¶ 24).  Further, it is alleged that Dissinger and Brown presented an arrest warrant for Noviho, along with a supporting affidavit of probable cause, to Judge Miller that they knew

was false and materially misleading. (Id., at ¶¶ 25-26). Noviho's complaint goes on to provide a litany of facts that a fair and impartial judge would have wanted to know about the collision before issuing an arrest warrant. (Id., at ¶¶ 27-34). These same paragraphs allege that Dissinger and Brown, along with their cohorts, decided to intentionally ignore, conceal, withhold and/or omit these facts from Judge Miller in order to prevent him from considering West's unlawful conduct and culpability in rendering his probable cause decision. (Id.).

The overt acts described in Noviho's Complaint are stated with particularity as required by the Federal Rules of Civil Procedure. Specifically, Noviho's Complaint provides a specific, detailed account of the conspiracy between Dissinger, Brown and the other Defendants to unlawfully charge Noviho with vehicular homicide and aggravated assault by vehicle, as well as the personal and political reasons behind those charges.

### E. Monell Claim

Finally, the trial court found that Noviho's Monell claim against Lancaster County in Count VI fails as a matter of law because Noviho failed to state claims for the underlying constitutional violation of unlawful seizure, wrongful arrest, false imprisonment and/or malicious prosecution. (Supporting Brief at p.15). Again, this argument is predicated upon a finding that the trial court's decisions concerning these underlying Counts is correct. As argued at length above, this

argument is misguided, and Noviho has sufficiently sets forth plausible claims for unlawful seizure, wrongful arrest, false imprisonment and malicious prosecution.

## VIII. <u>CONCLUSION</u>

For any or all of the foregoing reasons, Plaintiff/Appellant Mawuyrayrassuna Emmanuel Noviho respectfully requests that the Orders dismissing, with prejudice, Plaintiff/Appellant Mawuyrayrassuna Emmanuel Noviho's complaint be reversed and that this civil action be remanded to the trial court for proceedings consistent herewith.

**WRIGHT & REIHNER, P.C.**

/s/ George A. Reihner
George A. Reihner
Frank J. Tunis, Jr.
148 Adams Avenue
Scranton, PA 18503
(570) 961-1166
(570) 961-1199 (fax)

Dated: October 3, 2016

*Attorneys for Appellant*
*Mawuyrayrassuna Emmanuel Noviho*

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

MAWUYRAYRASSUNA           :
EMMANUEL NOVIHO,          :
                         :
            Plaintiff,    : NO.: 16-3047
                         :
V.                       :
                         :
LANCASTER COUNTY, et al.,  :
                         :
            Defendants.   :

## **CERTIFICATIONS**

The undersigned hereby makes the following certifications:

(1)    The attorney representing Appellant Mawuyrayrassuna Emmanuel Noviho, namely, George A. Reihner, is a member of the Bar of the United States Court of Appeals for the Third Circuit, and is permitted to practice before said Court.

(2)    The Appellant's Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because it contains 5,979 words, excluding the parts of the Appellant's Brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

(3)    Appellant's Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(6) because it has been prepared in a proportionally spaced typeface using Word in 14-font size and Times New Roman type style.

(4)     A copy of Appellant's Brief has been served upon opposing counsel, on the date indicated below via ECF Notification and first class mail, addressed to the following:

Rolf E. Kroll, Esquire
Margolis Edelstein
3510 Trindle Road
Camp Hill, PA 17011

David J. MacMain, Esquire
The MacMain Law Group, LLC
101 Lindenwood Drive, Suite 160
Malvern, PA 19355

Megan Kampf, Esquire
The MacMain Law Group, LLC
101 Lindenwood Drive, Suite 160
Malvern, PA 19355

(5)     The text of the E-Brief and the hard copies of the Appellant's Brief are identical.

(6)     A virus check was performed on the E-Brief using McAfee Security Plan Plus and no viruses were detected.

I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

**WRIGHT & REIHNER, P.C.**

By:    /s/ George A. Reihner
        George A. Reihner
        Frank J. Tunis, Jr.
        148 Adams Avenue
        Scranton, PA  18503
        (570) 961-1166
        (570) 961-1199 – fax

Dated: October 3, 2016        *Attorneys for Appellant*
        *Mawuyrayrassuna Emmanuel Noviho*

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

MAWUYRAYRASSUNA              :
EMMANUEL NOVIHO,             :
                            :
            Plaintiff,       : NO.: 16-3047
                            :
V.                          :
                            :
LANCASTER COUNTY, et al.,    :
                            :
            Defendants.      :

## CERTIFICATE OF SERVICE

I, George A. Reihner, hereby certify that I have caused to be served on this day a true and correct copy of the foregoing Brief of Appellant upon the persons and in the manner indicated below which service satisfies the requirements of Fed. R. App. P. 25(c)(1), via ECF and first class mail addressed as follows:

Rolf E. Kroll, Esquire
Margolis Edelstein
3510 Trindle Road
Camp Hill, PA 17011

David J. MacMain, Esquire
The MacMain Law Group, LLC
101 Lindenwood Drive, Suite 160
Malvern, PA 19355

Megan Kampf, Esquire
The MacMain Law Group, LLC
101 Lindenwood Drive, Suite 160
Malvern, PA 19355

/s/ George A. Reihner
Dated: October 3, 2016              George A. Reihner

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

MAWUYRAYRASSUNA          :
EMMANUEL NOVIHO,         :
                        :
         Plaintiff,      : NO.: 16-3047
                        :
V.                       :
                        :
LANCASTER COUNTY, et al., :
                        :
         Defendants.     :

---

## APPELLANT MAWUYRAYRASSUNA EMMANUEL NOVIHO APPENDIX OF EXHIBITS

### VOLUME I

---

George A. Reihner
Frank J. Tunis, Jr.
**WRIGHT & REIHNER, P.C.**
148 Adams Avenue
Scranton, PA  18503
(570) 961-1166
(570) 961-1199 – fax

*Attorneys for Appellant*
*Mawuyrayrassuna Emmanuel Noviho*

# TABLE OF CONTENTS

## VOLUME I

June 2, 2016 Memorandum Opinion and Order of Court ...................................1

Notice of Appeal.................................................................................3

## VOLUME II

U.S. Eastern District Docket Sheet.........................................................14

Complaint........................................................................................20

Defendant Christopher Dissinger's Motion to Dismiss Plaintiff's
Complaint Pursuant to Rule 12(b)(6)......................................................65

Brief of Defendant Christopher Dissinger In Support of Motion
To Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6)........................82

Exhibit A to Christopher Dissinger's Motion
To Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6)........................102

Plaintiff Mawuyrayrassuna Emmanuel Noviho's Brief in Opposition
to Defendant Christopher Dissinger's Motion to Dismiss...........................112

Defendants Lancaster County, Scott F. Martin, and
Todd E. Brown's Motion To Dismiss Plaintiff's Complaint
Pursuant to Federal Rule of Civil Procedure 12(b)(6) .............................151

Reply Brief of Defendant Christopher Dissinger.....................................230

Plaintiff Mawuyrayrassuna Emmanuel Noviho's Brief in
Opposition to Motion to Dismiss Filed by Defendants
Lancaster County, Scott F. Martin, and Todd E. Brown............................248

Defendant Christopher Dissinger's Motion for Leave to Attach
Supplemental Exhibit to Motion to Dismiss Plaintiff's
Complaint Pursuant to Rule 12(b)(6)...................................................275

February 25, 2016 Order of Court.......................................................351

May 5, 2016 Order of Court............................................................352

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAWUYRAYRASSUNA EMMANUEL NOVIHO | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | NO.    15-3151 |
| | : | |
| LANCASTER COUNTY PENNSYLVANIA, et al. | : | |
| | : | |

**MEMORANDUM OPINION**

SCHMEHL, J.    /s/ JLS                                                     June 2, 2016

Plaintiff brought this 42 U.S.C. § 1983 civil rights action against defendants

Lancaster County, Pennsylvania,  Scott F. Martin ("Martin"), a Commissioner of

Lancaster County, Todd E. Brown ("Brown"), an Assistant District Attorney with

Lancaster County (the "Lancaster County defendants") and Christopher Dissinger

("Dissinger"), a detective with the Manheim Township Police Department, claiming that

he was the victim of a political conspiracy that resulted in him being falsely arrested and

maliciously prosecuted for his role in an horrific motor vehicle accident. Presently before

the Court is are motions by Dissinger and the Lancaster County defendants to dismiss

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that

follow, the motions are granted.

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff

must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint has facial plausibility when

there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 55 U.S. 662, 678 (2009). A court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements are to be disregarded. Santiago v. Warminster Twp., 629 F. 3d 121, 128 (3d Cir. 2010).

In considering a motion to dismiss, the Court may also consider matters of public record, orders and exhibits attached to the complaint. See, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F. 3d 1380, 1384 n.2 (3d Cir. 1994).

The Complaint alleges that on November 12, 2012, at 6:50 p.m., plaintiff, a truck driver trainee with CR England Trucking, Inc., was operating a truck tractor that had completely stopped on the right hand shoulder of the northbound lanes of Route 222 in Manheim Township. (Compl. ¶ 13-14.) A truck trainer was seated beside plaintiff in the passenger seat. (Id.) Plaintiff accessed the right travel lane of Route 222 where the speed limit was 65 mph at a speed of 17.5 mph. (Id. ¶ 15.)

At the same time, Katie West ("West") was operating a 1996 Volkswagen Passat that was traveling northbound on Route 222. (Id. ¶ 16.) West is the sister of defendant Martin. (Id. ¶ 1.) Inside the Passat with West were her husband, Joshua West, their two year old son, Joshua Charles West and their daughter, Jocelyn West. (Id.) West crashed into the back of the truck tractor being operated by plaintiff resulting in the death of her husband and  son. (Id. ¶¶ 18-19.) An eyewitness to the crash, James Schlinkman, observed that "[Plaintiff's truck] was in the process of reentering the road

2

shortly before the crash" and that "[plaintiff's] truck did not have any lights on and was traveling very slowly." (Id. ¶ 42.)

Following a seven month investigation, Dissinger, with the assistance of Brown, presented an arrest warrant, along with an affidavit of probable cause to a magisterial district judge. (Id. ¶ 25.) The Magistrate approved the request and issued an arrest warrant for the plaintiff based on the lead felony of homicide by vehicle. (ECF 20-1.) Plaintiff was ultimately charged with the following offenses:

> **Offense No. 1-Homicide by Vehicle (2 counts)**
> **Offense No. 2-Aggravated Assault by Vehicle (1 count)**
> **Offense No. 3-Periods for requiring lighted lamps (1 count)**
> **Offense No. 4-Minimum Speed Regulation (1 count)**
> **Offense No. 5-Vehicular hazard signal lamps (1 count)**
> **Offense No. 6-Moving stopped or parked vehicle (1 count)**

(Compl. ¶ 25.)

The parties agree that the first two offenses are felonies while the remaining offenses are summary offenses under the Pennsylvania Motor Vehicle Code. Following a six-day trial, a jury acquitted plaintiff of the two homicide by vehicle charges and the aggravated assault charge. (ECF 13.) Following the jury's verdict, the Honorable David L. Ashworth of the Court of Common Pleas of Lancaster County, sitting in judgment, found plaintiff guilty of the summary offenses of driving too slow for conditions (75Pa. Cons. Stat. Ann. § 3364(a)) driving without required vehicular hazard lamps (75 Pa. Cons. Stat. Ann. § 4305) and moving vehicle unsafely (75 Pa. Cons. Stat. Ann. § 3333. (Id.) Judge Ashworth found plaintiff not guilty of failure to use required lamps. (Id.) On February 17, 2016, plaintiff"s conviction on the three summary offenses was affirmed by a three judge panel from the Superior Court of Pennsylvania. (ECF 12-4.)

The Complaint alleges that Brown and Dissinger failed to include in the affidavit of probable cause certain exculpatory and contradictory information for plaintiff, including, inter alia, that: (1) at the time of the accident, West was speeding and driving under the influence of heroin and another prescription medication; (2) none of the four individuals in West's vehicle were properly restrained and that West never attempted to brake or take any other type of evasive action; (3) three witnesses advised police on the night of the crash that a woman at the crash scene reported that West's Passat had been travelling erratically at an excessive rate of speed just prior to the crash; (4) Dissinger and Brown credited the statements of three witnesses that the truck tractor reentered Route 222 without any headlights, taillights or other illumination while discrediting plaintiff and his trainer's statement that the truck tractor's headlights, taillights and four-way flashers were engaged while plaintiff attempted to reenter Route 222. (Id. ¶¶ 27-33.)

Plaintiff further alleges that "Defendant Martin exerted his political influence and control over Defendants Brown and Dissinger and, in doing so, each conspired, plotted, agreed and/or understood that no criminal charges would be filed against Defendant Martin's sister, West. Instead they each plotted, planned, agreed and/or understood that criminal charges would be filed against [plaintiff] despite the lack of probable cause to do so." (Id. ¶ 106.)

Count One of the Complaint asserts a claim against Dissinger under 42 U.S.C. 1983 for unlawful seizure, wrongful arrest and false imprisonment. Count Two asserts the same claim against Brown. Count Three asserts a claim against Dissinger for malicious prosecution. Count Four asserts a conspiracy claim under § 1983 against

4

Dissinger, Brown and Martin based on unlawful seizure, wrongful arrest and false imprisonment. Count Five asserts a conspiracy claim under § 1983 against Dissinger and Martin based on malicious prosecution. Count Six is a claim brought under Monell v. Department of Social Svcs., 436 U.S. 658, 691 (1978) against Lancaster County based on the alleged actions of Commissioner Martin in his capacity as a policymaker for Lancaster County.

**Counts One and Two**

In order to state a claim for unlawful seizure, wrongful arrest and false imprisonment under the Fourth Amendment, "a plaintiff must show that the arresting officer lacked probable cause to make the arrest." Garcia v. County of Bucks, 155 F.Supp. 2d 259, 265 (E.D. Pa. 2001). "Probable cause exists when the totality of the facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense." Id. "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995).

A claim for false arrest will fail, however, if there was probable cause to arrest for at least one of the offenses involved. Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007); Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994)(holding that for an arrest to be justified, "[p]robable cause need only exist as to any offense that could be charges under the circumstances").

Plaintiff contends that because he was acquitted by a jury on the three felony charges that were the subject of the arrest warrant and the reason why he was seized,

he was arrested without probable cause. However, this argument ignores the fact that plaintiff was also convicted by Judge Ashworth on the three Motor Vehicle Code traffic offenses that arose from the same incident that gave rise to the three felony charges--the motor vehicle accident on November 12, 2012. Plaintiff does not contend that there was no probable cause to arrest for any of the three traffic offenses.  Accordingly, plaintiffs false arrest claims against Dissinger and Brown should be dismissed

Plaintiff argues, however, that he was subject to an illegal seizure under the Fourth Amendment because the summary offenses were not included in the arrest warrant and were not committed in the presence of the arresting officer as required by Pennsylvania law.

In United States v. Laville, 480 F. 3d 187 (3d Cir. 2007), our Court of Appeals made clear that in evaluating whether one's Fourth Amendment right's were violated, the "test is one of federal law" and "it is reasonableness that is the central inquiry under the Fourth Amendment." Id. at 193-94. Under the federal test, "probable cause exists whenever reasonable trustworthy information or circumstances within an arresting officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed by the person being arrested." Id. at 194.

"Following Laville, courts in this Circuit have recognized that the probable cause required to extinguish a false arrest claim under the Fourth Amendment is a separate inquiry from the procedures and individual state authorizes by statute." Huff v. Cheltenham Twp., No. 14-5555, 2015 WL 4041963 (E.D. Pa. July 1, 2015) citing Levine v. Rodden, No. 15-cv-574, 2015 WL 2151781, at *5 (E.D. Pa. May 7, 2015)("[W]hile

6

Pennsylvania Rule of Criminal Procedure 502 prohibits warrantless arrests for misdemeanors committed outside the presence of the arresting officer, Rule 502 alone does not automatically imply a similar prohibition in the United States Constitution that could become the basis for a Section 1983 claim,"); Milbourne v. Baker, No, 11-cv-1866, 2012 WL 1889148, at * 9 (E.D. Pa. May 23, 2012)("Plaintiff has conflated Count I and Count II. She argues that her arrest was an unconstitutional seizure because it violated Pennsylvania's prohibition on warrantless arrests for misdemeanors committed outside the presence of the officer. The Pennsylvania rule is inapposite to the constitutional question."). Simply put, "the Fourth Amendment does not require an arrest warrant for a minor criminal violation." Hughes v. Shestakov, 76 F. App'x 450, 451 (3d Cir. 2003).

Rather, the Fourth Amendment only requires that the arresting officers had probable cause to arrest plaintiff for any offense that could have been charged under the circumstances. The fact that Judge Ashworth found plaintiff guilty on the three summary offenses clearly confirms that Dissinger and Brown had probable cause to arrest plaintiff for the summary offenses which were requirements of and resulted out of the same inextricably intertwined facts as the three felony charges. Therefore, because Dissinger and Brown had probable cause to arrest plaintiff for those three offenses that were charged under the circumstances, his Fourth Amendment rights could not have been violated. Accordingly, Counts One and Two must be dismissed.

## Count Three

Turning to plaintiff's malicious prosecution claim against Dissinger in Count Three, the Court notes that a malicious prosecution action under section 1983, for

7

violation of the Fourth Amendment, requires that (1) the defendant initiated a criminal proceeding, (2) the proceeding ended in plaintiff's favor, (3) the defendant initiated the proceeding without probable cause, (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice, and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding. Johnson, 477 F. 3d at 82-83 (3d Cir. 2007). Failure to meet any element is fatal to the claim. Kossler v. Crisanti, 564 F. 3d 181, 186 (3d Cir. 2009)(en banc).

Dissinger argues that the allegations in the Complaint do not satisfy the favorable termination requirement. To meet that requirement, "a prior criminal case must have been disposed of in a way that indicates the innocence of the accused." Id. at 187. The plaintiff's innocence may be shown if his criminal proceeding was terminated by a discharge by a magistrate at a preliminary hearing, the refusal of a grand jury to indict, the formal abandonment of the proceedings by the public prosecutor, the quashing of an indictment or information, an acquittal, or a final order in favor of the accused by a trial or appellate court. Id. The purpose of the "favorable termination" requirement is to avoid the possibility that a claimant may file a successful tort action despite having been convicted in the underlying criminal prosecution. See Heck v. Humphrey, , 512 U.S. 477, 484 (1994); Gilles v. Davis, 427 F. 3d 197, 208-09 (3d Cir. 2005).

Plaintiff argues that because he was acquitted by a jury on the three felony charges, the proceedings terminated in his favor, despite the fact that he was found guilty on the three summary offenses by Judge Ashworth. In determining whether the proceedings resulted in plaintiff's favor, the Court must examine whether the judgment

as a whole reflects a defendant's innocence. Kossler, 564 F.3d at 188. A Court makes this determination by considering whether all of the charges arose from the same course of conduct. Id. Here all the charges, including the summary offenses, are clearly predicated on the same factual basis —plaintiff's actions and conduct in the motor vehicle accident of November 12, 2012.  Indeed, in order to be convicted of any of the three felony offenses with which defendant was charged, a jury would have to find that defendant committed a violation of the Motor Vehicle Code. See 75 Pa. Cons. Stat. Ann. § 3732(A) and 75 Pa. Cons. Stat. Ann. § 3732.1(A). Since plaintiff was found guilty on the three summary offenses, it is the Court's opinion that the judgment as a whole does not reflect plaintiff's innocence. As stated by the Third Circuit in Kossler, "[plaintiff's] acquittal on the aggravated assault [felony] and public intoxication charges [summary offense] cannot be divorced from his simultaneous conviction for disorderly conduct [summary offense] when all three charges arose from the same course of conduct." Id. at 188.  Pursuant to the reasoning of Kossler, plaintiff's acquittal by a jury on the three felony charges cannot be divorced from his simultaneous conviction by a judge for the three summary offenses, when all of the charges arose from the plaintiff's role in the motor vehicle accident. As a result, plaintiff cannot satisfy the favorable termination requirement.

Plaintiff also attempts to attach significance to the fact that the felony charges were decided by a jury, while the summary offenses were decided by a judge. Plaintiff has not cited, nor has the Court's research located, any case that finds this to be a determinative factor or lead to a different result in the favorable termination analysis. Indeed, it is required in Pennsylvania for a defendant's felony charges to be decided by

9

a jury and a the summary offenses to be decided by a judge. See, e.g. Commonwealth v. Barger, 956 A.2d 458, 459 (Pa. Super. 2008). The judge rendered his decision on the summary offenses immediately following the jury's verdict based on the same evidence that was put before the jury.

Since plaintiff cannot satisfy the favorable termination requirement, his claim for malicious prosecution must be dismissed.

**Counts Four through Six**

Having dismissed Counts One through Three of the Complaint, the Court finds there is no longer any basis to support the derivative conspiracy claims in Counts Four and Five as well as the *Monell* claim in Count Six.  Accordingly, Counts Four through Six of the Complaint will also be dismissed.

10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MAWUYRAYRASSUNA EMMANUEL NOVIHO** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO.    15-3151** |
| | : | |
| **LANCASTER COUNTY PENNSYLVANIA, et al.** | : | |

## O R D E R

**AND NOW,** this 2nd day of June, 2016, upon consideration of the defendants' motions to dismiss and all responses and replies thereto, it is hereby **ORDERED:**

1. The motion of defendant Christopher Dissinger to dismiss [Doc. 12] is GRANTED.

2. The motion of defendants Lancaster County, Scott F. Martin and Todd E. Brown to dismiss [Doc. 17] is GRANTED.

3. The Complaint is DISMISSED with prejudice.

**BY THE COURT:**

/s/ Jeffrey L. Schmehl
**JEFFREY L. SCHMEHL, J.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAWUYRAYRASSUNA EMMANUEL NOVIHO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 15-CV-03151 |
| | : | |
| V. | : | |
| | : | JURY TRIAL DEMANDED |
| LANCASTER COUNTY, et al., | : | |
| | : | |
| Defendants. | : | |

### NOTICE OF APPEAL

Notice is hereby given that Mawuyrayrassuna Emmanuel Noviho, Plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Third Circuit from an Order entered in this action on the 3rd day of June, 2016, which dismissed the Complaint, with prejudice as to all Defendants.

Respectfully submitted,

/s/ George A. Reihner
George A. Reihner
Frank J. Tunis, Jr.
WRIGHT & REIHNER, P.C.
148 Adams Avenue
Scranton, PA 18503
Attorneys for Plaintiff

Dated: July 1, 2016

## CERTIFICATE OF SERVICE

I, George A. Reihner, hereby certify that I have caused to be served this day a true and correct copy of the Notice of Appeal on counsel listed below _via_ the Electronic Filing System of this Court:

Rolf E. Kroll, Esquire
Margolis Edelstein
3510 Trindle Road
Camp Hill, PA 17011
rkroll@margolisedelstein.com

David J. MacMain, Esquire
The MacMain Law Group, LLC
101 Lindenwood Drive, Suite 160
Malvern, PA 19355
dmacmain@macmainlaw.com

Megan Kampf, Esquire
The MacMain Law Group, LLC
101 Lindenwood Drive, Suite 160
Malvern, PA 19355
mkampf@macmainlaw.com

/s/ George A. Reihner
George A. Reihner

Dated: July 1, 2016

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

MAWUYRAYRASSUNA          :
EMMANUEL NOVIHO,          :
                          :
          Plaintiff,      : NO.: 16-3047
                          :
V.                        :
                          :
LANCASTER COUNTY, et al., :
                          :
          Defendants.     :

## CERTIFICATE OF SERVICE

I, George A. Reihner, hereby certify that I have caused to be served on this day a true and correct copy of the foregoing Brief in Support of Appellant's appeal and Volume I of the Appendix thereto upon the persons and in the manner indicated below which service satisfies the requirements of Fed. R. App. P. 25(c)(1), via ECF and first class mail addressed as follows:

Rolf E. Kroll, Esquire
Margolis Edelstein
3510 Trindle Road
Camp Hill, PA 17011

David J. MacMain, Esquire
The MacMain Law Group, LLC
101 Lindenwood Drive, Suite 160
Malvern, PA 19355

Megan Kampf, Esquire
The MacMain Law Group, LLC
101 Lindenwood Drive, Suite 160
Malvern, PA 19355

/s/ George A. Reihner
George A. Reihner

Dated: October 3, 2016