*In The*

# United States Court of Appeals

*for the*

# Third Circuit

Case No. 16-3047

MAWUYRAYRASSUNA EMMANUEL NOVIHO,

*Appellant,*

v.

LANCASTER COUNTY OF PENNSYLVANIA;
SCOTT F. MARTIN; TODD E. BROWN;
CHRISTOPHER DISSINGER.

*Appeal from an Order entered from the*
*United States District Court for the Eastern District of Pennsylvania*

## BRIEF FOR APPELLEES LANCASTER COUNTY OF PENNSYLVANIA, SCOTT F. MARTIN AND TODD E. BROWN

DAVID J. MACMAIN, ESQ.
MEGAN K. KAMPF, ESQ.
THE MACMAIN LAW GROUP LLC
101 Lindenwood Drive, Suite 160
Malvern, Pennsylvania 19355
(484) 318-7106
mkampf@macmainlaw.com
dmacmain@macmainlaw.com

*Attorneys for Appellees Lancaster*
*County of Pennsylvania,*
*Scott F. Martin and Todd E. Brown*

CP   COUNSEL PRESS • (888) 700-3226

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES .................................................................................ii

INDENTIFICATION OF THE PARTIES ............................................................ 1

STATEMENT OF JURISDICTION..................................................................... 2

COUNTER-STATEMENT OF THE ISSUES ON APPEAL ................................ 3

STATEMENT OF RELATED CASES AND PROCEEDINGS ........................... 4

COUNTER-STATEMENT OF THE CASE ......................................................... 5

      A-<u>Relevant Procedural History</u>................................................................ 5

      B-<u>Relevant Factual Background</u> ............................................................. 6

COUNTER-STATEMENT OF THE STARDARD OF REVIEW ........................ 9

SUMMARY OF ARGUMENT ........................................................................... 10

ARGUMENT ...................................................................................................... 12

      A .     The District Court Properly Granted Defendants/Appellees'
             Motion to Dismiss and Properly Determined that
             Plaintiff/Appellant's Multiple Summary Convictions
             Established the Requisite Probable Cause to Arrest and
             Precluded "Favorable Termination" of His Criminal
             Prosecution ...................................................................... 13

      B.      Plaintiff's Derivative Conspiracy and *Monell* Claims Must Fail
             Since There Is No Threshold Constitutional Violation On
             Which to Bring the Derivative Claims............................................ 18

CONCLUSION ................................................................................................... 20

# TABLE OF AUTHORITIES

**Page**

**Cases:**

*Barna v. Perth Amboy*,
    42 F. 3d 809 (3d. Cir. 1994) ..................................................................... 16

*Berry v. Kabacinski*,
    2016 U.S. Dist. LEXIS 90078 (M.D. Pa. July 12, 2016) ........................... 14

*Brown v. Commonwealth of Pa. Dep't of Health Emergency Med. Svcs.*,
    318 F.3d 473 (3d Cir. 2003) ................................................................ 11, 18

*Collins v. City of Harker Heights*,
     503 U.S. 115 (1992) ................................................................................ 18

*Commonwealth v. Noviho*,
    2016 Pa. Super. Unpub. Lexis 492, 2016 WL 634806
    (February 17, 2016) ................................................................................ 7, 8

*Donahue v. Gavin*,
    280 F.3d 371 (3d Cir. 2002) ..................................................................... 13

*Garcia v. County of Bucks*,
    155 F. Supp. 2d 259 (E.D. Pa. 2001).   ..................................................... 12

*Gilles v. Davis*,
    427 F.3d 197 (3d Cir. 2005) ..................................................................... 13

*Heck v. Humphrey*,
    512 U.S. 477 (1994).......................................................................*passim*

*Huff v. Cheltenham Twp.*,
    No. 14-5555, 2015 WL 4041963 (E.D. Pa. July 1, 2015)......................... 17

*In re Adams Golf, Inc. Sec. Litig.,*
    381 F.3d 267 (3d Cir. 2004) ........................................................................ 9

*Johnson v. Knoll*,
    477 F. 3d 75 (3d. Cir 2007) ...................................................................... 16

*Kokinda v. Breiner*,
    557 F. Supp. 2d 581 (M.D. Pa. 2008)......................................................... 14

*Kossler v. Crisanti*,
    564 F.3d 181 (3d Cir. 2009) ..................................................... 10, 13, 14, 15

*Los Angeles v. Heller*,
    475 U.S. 796 (1986)................................................................................... 18

*Milbourne v. Baker*,
    No. 11-cv-1866, 2012 WL 1889148 (E.D. Pa. May 23, 2012) .................. 17

*Monell v. Department of Social Svcs,*
    436 U.S. 658 (1978)............................................................................*passim*

*Omnipoint Communications Enter., L.P. v. Newtown Township*,
    219 F.3d 240 (3d Cir. 2000) ........................................................................ 9

*Phillips v. County of Allegheny,*
    515 F.3d 224 (3d Cir. 2008) ........................................................................ 9

*Shilling v. Brush*, 2007 WL 210802 (M.D. Pa. Jan. 22, 2007)............................ 12

*U.S. v. Laville*,
    480 F. 3d 187 (3d Cir. 2007) .................................................................... 17

*White v. Brown,*
    408 Fed. Appx. 595 (3d Cir. 2000) ...................................................... 11, 18

**Statutes:**

28 U.S.C. § 1291 ........................................................................................ 2

28 U.S.C. § 1331 ........................................................................................ 2

28 U.S.C. § 1343(a) ................................................................................... 2

42 U.S.C. § 1983 ............................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ...................................................................... 2, 6, 9

## <u>IDENTIFICATION OF THE PARTIES</u>

Plaintiff/Appellant is Mawurayruassuna Emmanuel Noviho, the driver of a truck tractor, who pulled into highway traffic from a dead stop, at night[1], from the shoulder of the highway, at a slow rate of speed, causing a fatal accident and the death of a young father and his infant son.  Noviho, who was acquitted of some of the charges by a Lancaster County (PA) jury, but was found guilty of other charges by the Court, filed the present action under 42 U.S.C. § 1983 alleging false arrest/malicious prosecution/conspiracy claims against Defendants/Appellees.

Co-Defendant/Co-Appellee is Detective Scott Dissinger of the Manheim Township (PA) Police Department ("Detective Dissinger") who was the lead investigator of this fatal accident and the officer who charged Noviho in the underlying criminal case.

Present Defendants/Appellees are Todd Brown – the Lancaster County Assistant District Attorney ("ADA Brown") who prosecuted the underlying criminal case, Scott Martin – a Lancaster County Commissioner ("Commissioner Martin") who is the brother of the driver of the car into whose path Noviho pulled his truck tractor, and Lancaster County.

---

[1] There is a dispute as to whether the truck tractor had its lights on.

# <u>STATEMENT OF JURISDICTION</u>

Defendants/Appellees agree that the Third Circuit Court of Appeals has jurisdiction to review this appeal pursuant to 28 U.S.C. §1291.  The appeal is from the June 2, 2016 Order of Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiff/Appellant's failure to state a claim upon which relief can be granted.  The District Court had subject matter jurisdiction of the matter pursuant to 28 U.S.C. § 1331 and 1343(a).

## COUNTER-STATEMENT OF THE ISSUES ON APPEAL

1.     Whether the District Court properly determined that plaintiff/appellant is precluded from bringing an unlawful seizure/wrongful arrest/false imprisonment and malicious prosecution claim under the fourth amendment where he was convicted of three summary offenses in the underlying criminal proceeding?

*Suggested answer: yes*

2.     Whether the District Court properly determined that plaintiff/appellant is also precluded from bringing derivative conspiracy and *Monell* municipal liability claims where the threshold constitutional claims of unlawful seizure/wrongful arrest/false imprisonment and malicious prosecution were properly dismissed due to his convictions for summary offenses in the underlying criminal proceeding?

*Suggested Answer: Yes*

3

### STATEMENT OF RELATED CASES AND PROCEEDINGS

There are no directly related cases presently before This Court, or the District Court.

It is noted that Plaintiff/Appellant was a Defendant, along with his employer trucking company C.R. England, in a related case brought by the estate of the young father and his infant son who were killed in the underlying fatal accident. *West v. CR England, Inc., U.S.D.C for E.D. of Pa., 5:14-cv-04872*. This suit has been settled.

## COUNTER-STATEMENT OF THE CASE

### A. Relevant Procedural History

Plaintiff/Appellant filed his Complaint alleging the following civil rights claims against the present Defendants/Appellees ADA Brown, Commissioner Martin and Lancaster County, as well as Co-Defendant/Co-Appellee Detective Dissinger: (1) an unlawful seizure/wrongful arrest/false imprisonment claim against ADA Brown (in his investigative capacity) (Count II); (2) a derivative conspiracy claim against Detective Dissinger, ADA Brown (in his investigative capacity) and Commissioner Martin for conspiracy to commit unlawful seizure/wrongful arrest/and false imprisonment of Plaintiff/Appellant (Count IV); (3) a derivative conspiracy claim against Detective Dissinger and Commissioner Martin for conspiracy to commit malicious prosecution (Count V); and (4) a derivative *Monell* claim against Lancaster County (Count VI). (*App. II* at pp. 20-60).

Defendants/Appellees Brown, Martin and Lancaster County filed their 12 (b)(6) Motion for Dismissal on August 31, 2015.[2]  Approximately ten (10) months

---

[2] It should be noted that between the filing of the Motions to Dismiss on August 31, 2015, and The District Court's Order and Opinion on June 2, 2016 dismissing the matter in its entirety, extensive discovery between the parties was conducted, including the exchange of thousands of documents, and the taking of several depositions including that of the parties.  The result of this discovery, along with the extensive discovery in the related case of *West v. C.R. England, et al*, was that

later on June 2, 2016, the District Court granted the 12(b)(6) Motions to Dismiss all claims against all and dismissed defendants in their entirety with prejudice. The District Court also granted the 12(b) (6) motion of co-defendant/co-appellee Detective Dissinger.

### B.  Relevant Factual Background

On November 12, 2012 at 6:50 p.m. in the Northbound direction of Route 222 in Manheim Township, Lancaster County, Plaintiff/Appellant, a trainee driver with CR England Trucking, Inc., accompanied by a trainer driver from the trucking company who was sitting in the passenger seat, pulled his truck tractor into highway traffic from a dead stop on the shoulder of the highway at a slow rate of speed.  (*App. II* at pp. 24-25 at ¶¶ 12-15).  Tragically, non-party Katie West, who was driving her husband and two small children in her 1996 Volkswagon Passat, did not see, and could not stop in time, to avoid a collision with the darkened truck that had just pulled into her lane of traffic traveling at 17.5 m.p.h. on the 65 m.p.h. highway.  (*App II.* at p. 26 ¶¶ 18-19).  A violent collision ensued which caused the death of West's husband and 2 year old son.  (*Id.*)

Over a seven month period, the accident was thoroughly and fairly investigated and researched by numerous persons, including law enforcement, and

there was no evidence whatsoever of an alleged conspiracy between Commissioner Martin, ADA Brown and Detective Dissinger, as no such conspiracy existed.

representatives and agents of the Plaintiff/Appellant's trucking company.  (*App. II* at pp. 29-30 at ¶ 25). Many witnesses were interviewed, scientific testing done, and accident reconstruction performed.  After this thorough investigation was completed, Defendant/Appellee, Detective Dissinger, filed the following criminal charges against Plaintiff/Appellant on June 7, 2013:

- Homicide by Vehicle (2 counts)
- Aggravated Assault by Vehicle (1 count)
- Period for Requiring Lighted Lamps (1 count)
- Too Slow for Conditions (1 count)
- Use of Flash Signals Below Minimum Speed Limit (1 count)
- Move Vehicle Unsafely (1 count)

(*App. II* at pp. 29-30 at ¶ 25*)

Although the jury, after lengthy deliberations, could not unanimously agree that Plaintiff/Appellant was guilty beyond a reasonable doubt of Homicide by Vehicle, and Aggravated Assault by Vehicle, the Honorable David L. Ashworth found him guilty of three (3) summary motor vehicle violations of 1) driving too slow for conditions, 2) failure to use flash signals, and 3) moving a vehicle unsafely.  (*App. II.* at pp. 149-150).  Judge Ashworth's verdict was upheld on appeal by the Superior Court.  (*App. II* at p. 351); *See also Commonwealth v. Noviho*, 2016 Pa. Super. Unpub. Lexis 492 *, 2016 WL 634806 (February 17, 2016).

Plaintiff/Appellant set forth the following uncontested facts in his underlying Complaint:

- A mere 16 seconds prior to the collision, Plaintiff/Appellant was at a complete stop on the right-hand shoulder of PA highway 222.  (*App. II* at p. 25 ¶¶ 14-15).

- Plaintiff merged onto the highway-which had a speed limit of 65 m.p.h. into the lane the victim West was driving in at a speed of only 17.5 m.p.h.  (*App. II* at p. 25 ¶¶ 14-15).

- An unbiased witness, with no interest in the outcome of the criminal prosecution, Donald Schlinkman, was traveling in the adjoining lane as victim West, and observed that "[Plaintiff/Appellant's truck] was in the process of reentering the road shortly before the crash" and "[Plaintiff/Appellant's] truck did not have any lights on and was traveling very slowly."  (*App. II* at p. 38, ¶ 42).

- Victim West was interviewed and recalled that "something hit her or she hit something that was like black out of nowhere."  (*App. II* at p. 35, ¶ 36).

These conceded facts alone were enough for Judge Ashworth to find Plaintiff/Appellant guilty of the three (3) summary offenses brought against him, and the Superior Court agreed when it upheld Plaintiff/Appellant's convictions. (*App. II* at p. 351); *See also Commonwealth v. Noviho*, 2016 Pa. Super. Unpub. Lexis 492 *, 2016 WL 634806 (February 17, 2016).

## <u>COUNTER-STATEMENT OF THE STANDARD OF REVIEW</u>

"The standard of review for a dismissal under Fed.R.Civ.P. 12(b)(6) is *de novo*.  *Phillips v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir. 2008) (citing *Omnipoint Communications Enter., L.P. v. Newtown Township*, 219 F.3d 240, 242 (3d Cir. 2000).  Accordingly, This Court may affirm the District Court's dismissal of all claims if it is "certain that no relief could be granted under any set of facts which could be proven."  *In re Adams Golf, Inc. Sec. Litig.,* 381 F.3d 267, 273 (3d Cir. 2004).

## SUMMARY OF THE ARGUMENT

Although Plaintiff/Appellant was convicted of three (3) of the charged offenses in the underlying criminal case, he nevertheless seeks to impose liability upon (1) Commissioner Martin, and ADA Brown pursuant to §1983 Fourth Amendment claims of unlawful seizure/wrongful arrest/false imprisonment, and a derivative conspiracy claim, and (2) Lancaster County under a derivative *Monell* claim. However, as the District Court correctly found, Plaintiff/Appellant's three summary convictions in the underlying criminal matter, which are intertwined with and arise from the same incident as the other charges for which Plaintiff was acquitted, preclude him, as a matter of law, under the "favorable termination" rule developed in *Heck v. Humphrey*, 512 U.S. 477, 484 (1994), and its progeny, from pursuing a Fourth Amendment unlawful seizure/wrongful arrest/false imprisonment claim. Specifically, the U.S. Supreme Court in *Heck*, and This Court in subsequent case decisions, have made clear, that when assessing whether a criminal proceeding ended in the Plaintiff's favor, that the criminal matter must end in a manner indicative of the innocence of the accused. *Kossler v. Crisanti*, 564 F.3d 181, 187-188 (3d Cir. 2009). The favorable termination of some, but not all of the charges does not establish the favorable termination of a criminal proceeding. *Id.* Thus, although Plaintiff/Appellant was found not guilty of some of the underlying charges, he was found *guilty* of three other charges that arose

10

from the same incident, a motor vehicle accident that killed two people.  That the

degree of seriousness of the crimes for which Plaintiff/Appellee was acquitted

versus those for which he was found guilty differs is of no import for purposes of

the "favorable termination" legal analysis and the *Heck* doctrine claim preclusion.

Accordingly, it is clear that the District Court properly granted

Defendants/Appellees' Motion to Dismiss

Likewise, with the primary Constitutional claims properly dismissed, the

District Court properly held that the derivative conspiracy claim and the derivative

*Monell* claim were also properly dismissed as it is well established that if there is

no constitutional violation in the first place, there can be neither a derivative claim

for a conspiracy to commit a constitutional violation, *White v. Brown,* 408 Fed.

Appx. 595, 599 (3d Cir. 2000), nor a derivative *Monell* claim, *Brown v.*

*Commonwealth of Pa. Dep't of Health Emergency Med. Svcs.*, 318 F.3d 473, 482

(3d Cir. 2003).

## **ARGUMENT**

Claims for false arrest, malicious prosecution, and abuse of process require proof of the lack of probable cause in the underlying criminal matter. *Shilling v. Brush*, 2007 WL 210802, *9 (M.D. Pa. Jan. 22, 2007); *see also Garcia v. County of Bucks*, 155 F.Supp. 2d 259, 265 (E.D. Pa. 2001). Probable cause exists when the totality of the facts and circumstances are sufficient to warrant a prudent person to believe that an individual has committed a criminal offense. *Garcia v. Bucks*, 155 F.Supp at 265.

While the issue of probable cause is ordinarily determined at the summary judgment stage, in cases such as this, where Plaintiff/Appellant was convicted of at least one offense for which he was criminally charged, he is precluded from bringing the cause of action under the "favorable termination" rule first developed by the Supreme Court in *Heck v. Humprhey*, 512 U.S. 477 (1994). The *Heck* doctrine limits claims available under §1983 for plaintiffs who either are found guilty, or plead guilty to criminal charges.

As stated in *Heck,* the purpose of the "favorable termination" requirement is to avoid "the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong

judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id.* at 484.

This Court has interpreted *Heck* to mean that "a §1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction had been reversed on direct appeal or impaired by collateral proceedings." *Gilles v. Davis*, 427 F.3d 197, 208-209 (3d Cir. 2005). Furthermore, the "favorable termination" rule requires a Plaintiff to show that the underlying criminal case was disposed of in a way that "indicates innocence of the accused." *Kossler v. Cristani*, 564 F.3d 181, 187 (3d Cir. 2009). Where a Plaintiff is acquitted of only some, but not all, of the charges, and the charges arose out of the same act or same criminal prosecution, he cannot claim a "favorable termination" of the criminal prosecution. *Id.* at 188.

> **A.    The District Court Properly Granted Defendants/Appellees' Motion to Dismiss and Properly Determined that Plaintiff/Appellant's Multiple Summary Convictions Established the Requisite Probable Cause to Arrest and Precluded "Favorable Termination" of His Criminal Prosecution**

This Court has held that " 'a § 1983 plaintiff ' must be innocent of the crime charged in the underlying prosecution." *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) (citations omitted). Whether it be a guilty plea, a finding of guilty, or a sentence that imposes burdens upon the defendant not consistent with innocence, the focus on the entirety of the underlying criminal proceeding and the requirement

that a plaintiff establish complete innocence is important to the analysis.  *Berry v.*

*Kabacinski*, 2016 U.S. Dist. LEXIS 90078 *21 (M.D. Pa. July 12, 2016).  In

factual and procedural circumstances similar to those in this matter, This Court has

clearly held that Plaintiff/Appellant's finding of guilt, even for some of the less

serious offenses charged, is clearly not consistent with a showing of innocence.

    For example, in *Kossler v. Cristani*, 564 F.3d at 185, a case with a similar

underlying criminal history to the present case, the *Heck* bar was applied where the

Plaintiff was acquitted of the more serious offense of aggravated assault, but found

guilty of the summary offense of disorderly conduct.  This Court held that

regardless of degree "a contemporaneous conviction at the same proceeding"

precludes the Plaintiff from claiming "favorable termination" of the prosecution.

*Id.*  This Court went on to note that "the favorable termination element is not

categorically satisfied whenever the plaintiff is acquitted of just one of several

charges in the same proceeding.  *Id.* at 188.  Finally, This Court noted that "when

the circumstances indicate that the judgment as a whole does not reflect the

plaintiff's innocence, then the plaintiff fails to establish the favorable termination

element," regardless of the degree of the offense.  "*Id.*

    Likewise, in *Kokinda v. Breiner*, 557 F. Supp.2d 581, 592 (M.D. Pa. 2008)

the *Heck* bar was applied when the Plaintiff was convicted of the lesser summary

offense, but acquitted of the more serious charges.  The Plaintiff in *Kokinda*

14

asserted a false arrest claim and argued that he was convicted of 'merely a summary offense' and this did not bar his false arrest claim.  The Honorable Richard Caputo of the Middle District rejected this argument, and applied the *Heck* doctrine.  *Id.* (citing *Kossler v. Crisanti*, 564 F.3d at 181).  The Court held that a guilty plea, even for a 'minor' or 'summary' offense required a finding of probable cause, and served to bar Plaintiff's false arrest claim.

In the present matter, the jury, after lengthy deliberations, could not unanimously agree that Plaintiff/Appellant was guilty beyond a reasonable doubt on the most serious offenses.  However, the Trial Court, sitting in judgment of the summary offenses charged against Plaintiff/Appellant, found him guilty of three (3) of the summary offenses. (*App. II* of pp. 185-216 and pp.174-176).  The summary offenses charged arose from the same incident that gave rise to the felony charges.  Under these factual and procedural circumstances, there was, as a matter of law given Plaintiff's conviction, probable cause for the three (3) summary offenses. Namely, the determination of guilt on these summary offenses clearly shows a lack of innocence in the underlying criminal prosecution.  Thus, under the facts of the underlying criminal matter, and the previous opinions of this Honorable Court, Plaintiff/Appellant's claims are barred under *Heck*.

In an effort to convince this Court that the District Court committed reversible error in granting Defendants/Appellees' Motion to Dismiss,

Plaintiff/Appellant misconstrues the District Court's Opinion and ignores the

abundance of case law that clearly holds that if a Plaintiff is convicted of <u>any</u>

offense, regardless of degree, he is precluded from arguing "favorable termination"

under *Heck*.  In its opinion, the District Court noted that Judge Ashworth's

conviction on the three summary offenses provided the probable cause required to

preclude Plaintiff/Appellant from asserting a false arrest claim.  (*App. I* at p. 8).

This holding is consistent with the *Heck* doctrine and the "favorable termination"

requirement.  Simply put, the District Court properly concluded that

Plaintiff/Appellant's unlawful seizure/ wrongful arrest/false imprisonment claim

fails as a matter of law because he cannot satisfy the "favorable termination"

requirement due to his summary convictions.

What's more, the District Court properly rejected Plaintiff's argument that

the 'not guilty' and 'guilty' charges were somehow separable. As the District Court

noted, the law is clearly established that a finding of guilt for any <u>one</u> of the

charges brought establishes probable cause and dooms a false arrest claim. (*App. I*

at p. 5).  As cited by the District Court, this has been clearly established by This

Court. *See*, *Johnson v. Knoll*, 477 F. 3d 75, 81-82 (3d. Cir 2007); and *Barna v.*

*Perth Amboy*, 42 F. 3d 809, 819 (3d. Cir. 1994).

Likewise, the District Court correctly rejected Plaintiff's argument that

somehow the "guilty" and "not guilty" results were separable because some

charges were decided by a jury, and other charges were decided by a Judge. (*App. I* at pp. 9-10). As the District Court correctly stated, this is of no moment or significance as under Pennsylvania Law, a Judge decides summary offenses and a jury decides misdeamor and felony charges.

The District Court also correctly rejected Plaintiff's attempt to argue that the guilty findings somehow should not count for *Heck* purposes or to show probable cause because they were not 'arrestable' offenses under Pennsylvania law. As the District Court correctly noted, and supported with controlling case law, the issue of probable cause for purposes of a Fourth Amendment §1983 claim, is separable from state procedural requirements. (*App. I* at pp. 6-7). Put another way, if probable cause existed, a false arrest claim fails regardless of whether or not the state criminal procedural framework authorizes a physical arrest/seizure. In fact, as correctly noted by the trial Court, This Court has expressly rejected the very argument Plaintiff makes in this case in *U.S. v. Laville*, 480 F. 3d 187 (3d Cir. 2007). Likewise, there are at least two decisions from other District Court Judges holding this very same thing. *See App. I* at pp. 6-7, citing *Huff v. Cheltenham Twp.*, No. 14-5555, 2015, WL 4041963 (E.D. Pa. July 1, 2015); and *Milbourne v. Baker*, No. 11-cv-1866, 2012 WL 1889148, at * 9 (E.D. Pa. May 23, 2012).

17

In sum, the District Court's dismissal of Plaintiff's claims, based on his conviction, was well-reasoned and in conformity with long-standing and clearly-established law from the U.S. Supreme Court, This Court and the District Courts.

### B.    Plaintiff's Derivative Conspiracy and *Monell* Claims Must Fail Since There Is No Threshold Constitutional Violation On Which to Bring the Derivative Claims

In light of the District Court's proper dismissal of Plaintiff/Appellant's §1983 claim, it follows that any derivative claim must be dismissed as well.  It is but a logical conclusion that if there is no constitutional violation in the first place, then there can be no derivative claim for a conspiracy to commit a non-existent constitutional violation.  *White v. Brown*, 408 Fed. Appx. 595, 599 (3d Cir. 2010).

Likewise, the derivative *Monell* claim was properly dismissed for the same reason.  In order to establish liability under § 1983 against a local government unit, Plaintiff must first show the deprivation of a Constitutional right.  *See Monell v. Department of Social Svcs,* 436 U.S. 658, 691 (1978); *Brown v. Commonwealth of Pa. Dep't of Health Emergency Med. Svcs.*, 318 F.3d 473, 482 (3d Cir. 2003).  As discussed *supra.* the District Court properly dismissed the constitutional violation. It is well-settled law that if there is no violation in the first place, then there can be no derivative municipal or supervisory claim.  *See Collins v. City of Harker Heights,* 503 U.S. 115, 123 (1992); *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

In the absence of a constitutional violation, there can be no derivative liability.  Thus, the District Court properly dismissed the derivative claims of conspiracy and the supervisory *Monell* claim.

## CONCLUSION

For all the foregoing reasons, Defendants/Appellees County of Lancaster,

Commissioner Scott F. Martin and ADA Todd E. Brown request that This Court

affirm the decision of the District Court in this matter.


Respectfully submitted,


Dated: November 1, 2016

/s/ David J. MacMain
By:  David J. MacMain, Esquire
Attorney I.D. #59320
THE MACMAIN LAW GROUP, LLC
101 Lindenwood Drive, Suite 160
Malvern, PA 19355
(484) 318-7106
*Attorney for Appellees County of Lancaster,*
*Scott F. Martin and Todd E. Brown*

20

## CERTIFICATE OF BAR MEMBERSHIP

I hereby certify that I am a member in good standing of the United States Court of Appeals for the Third Circuit.

Respectfully submitted,

Dated:  November 1, 2016

/s/ David J. MacMain
By:  David J. MacMain, Esquire
Attorney I.D. #59320
THE MACMAIN LAW GROUP, LLC
101 Lindenwood Drive, Suite 160
Malvern, PA 19355
(484) 318-7106
*Attorney for Appellees County of Lancaster,*
*Scott F. Martin and Todd E. Brown*

## CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a) AND LOCAL RULE 31.1

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify the following:

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because this brief contains 3,503 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii) of the Federal Rules of Appellate Procedure.

This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using the 2008 version of Microsoft Word in 14 point Times New Roman font.

This brief complies with the electronic filing requirements of Local Rule 31.1(c) because the text of this electronic brief is identical to the text of the paper copies, and the Vipre Virus Protection, version 3.1 has been run on the file containing the electronic version of this brief and no viruses have been detected.

Dated:       November 1, 2016

/s/ David J. MacMain
David J. MacMain

**AFFIDAVIT OF SERVICE**

DOCKET NO. 16-3047

-------------------------------------------------------------------------------X

Noviho

       vs.

Lancaster County  of Pennsylvania

-------------------------------------------------------------------------------X


     I, Elissa Matias, swear under the pain and penalty of perjury, that according to law and being over the age of 18, upon my oath depose and say that:

     On November 1, 2016

     I served the Brief for Appellee within in the above captioned matter upon:

Rolf E. Kroll, Esq.

Email: rkroll@margolisedelstein.com

Margolis Edelstein

3510 Trindle Road

Camp Hill, PA 17108

(717) 975-8114


George A. Reihner, Esq.

Email: gareihner@wrightreihner.com

Frank J. Tunis, Esq.

Email: fjtunis@wrightreihner.com

Wright & Reihner

148 Adams Avenue

Scranton, PA 18503

(570) 961-1166

via **electronic filing and electronic service**.

Unless otherwise noted, copies have been sent to the court on the same date as above for filing via Express Mail.

**Sworn to before me on November 1, 2016**

/s/ Robyn Cocho                            /s/ Elissa Matias

_____          _____

Robyn Cocho                                    Elissa Matias

Notary Public State of New Jersey

No. 2193491

Commission Expires January 8, 2022

Job # 268944
