# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

### NO.  16-3047

---

### MAWURAYRASSUNA EMMANUEL NOVIHO, APPELLANT

#### vs.

### LANCASTER COUNTY PENNSYLVANIA, SCOTT F. MARTIN, TODD E. BROWN, and CHRISTOPHER DISSINGER, APPELLEES

---

### BRIEF OF APPELLEE CHRISTOPHER DISSINGER

---

### APPEAL FROM THE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA AT NO. 5:15-CV-03151-JLS OF JUNE 2, 2016

---

ROLF E. KROLL, ESQUIRE
**MARGOLIS EDELSTEIN**
PA. Attorney I.D. No. 47243
3510 Trindle Road
Camp Hill, PA  17011
Main: (717) 975-8114
Direct:  (717) 760-7502
Fax:  (717) 975-8124
rkroll@margolisedelstein.com

*Counsel for Appellee,*
*Christopher Dissinger*

## TABLE OF CONTENTS

Page

Table of Contents ................................................................................. i

Table of Authorities............................................................................ iii

I.  STATEMENT OF SUBJECT MATTER AND APPELLATE
    JURISDICTION............................................................................ 1

II.  COUNTER-STATEMENT OF ISSUES PRESENTED......................... 2

III.  STATEMENT OF RELATED CASES AND PROCEEDINGS............. 3

IV.  COUNTER-STATEMENT OF THE CASE...................................... 4

V.  SUMMARY OF ARGUMENT...................................................... 9

VI.  ARGUMENT............................................................................. 10

    A.  WHETHER THE DISTRICT COURT CORRECTLY HELD
        THAT NOVIHO HAS FAILED TO STATE A FOURTH
        AMENDMENT CLAIM FOR UNLAWFUL SEIZURE,
        WRONGFUL ARREST AND FALSE IMPRISONMENT
        BECAUSE NOVIHO WAS CONVICTED OF THREE
        SUMMARY OFFENSES IN THE UNDERLYING CRIMINAL
        PROCEEDING RELATED TO THE FATAL ACCIDENT?..... 11

    B.  NOVIHO HAS FAILED TO STATE A CLAIM FOR
        CONSPIRACY UPON WHICH RELIEF CAN BE
        GRANTED.......................................................................... 21

VII.  CONCLUSION........................................................................... 22

CERTIFICATION OF BAR MEMBERSHIP...................................... 23

CERTIFICATE OF TYPE-VOLUME LIMITATION..................... 24

**CERTIFICATE OF IDENTICAL FILING**........................................................... 25

**CERTIFICATE OF VIRUS CHECK**............................................................... 26

**CERTIFICATE OF SERVICE**....................................................................... 27

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page**

*Barna v. City of Perth Amboy*, 42 F.3d 809, 818 (3d Cir. 1994)........................... 11

*Berg v. Cnty. of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000)............................. 13

*Commonwealth v. Noviho*, 2016 Pa. Super. Unpub. Lexis 492,
    2016 WL 634806 (Feb. 17, 2016)................................................................. 6

*Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002)............................................ 19

*Estate of Smith v. Marasco,* 318 F. 3d 497, 521 (3d Cir. 2003)............... 17,18,19

*Garcia v. County of Bucks*, 155 F. Supp. 2d 259, 265
    (E.D. Pa. 2001).............................................................................................. 10

*Gilles v. Davis*, 427 F.3d 197, 211 (3d Cir. 2005)................................................ 19

*Gorman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995).......................... 10

*Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 129
    L.Ed.2d 383 (1994)........................................................................................ 19

*Huff v. Cheltenham Twp.*, WL 4041963 (E.D. Pa. July 1, 2015)................ 12,13,15

*Hughes v. Shestakov*, 76 F. App'x 450, (3d Cir. 2003).......................................... 15

*Johnson v. Knorr*, 477 F.3d 75 (3rd Cir. 2007)................................................... 6,11

*Kossler v. Crisanti*, 564 F.3d 181....................................................................... 19,20

*Levine v. Rodden*, 2015 WL 215178 at p. 5 (E.D. Pa. May 7, 2015)..................... 15

*Milborne v. Baker*, 2012 WL 1889148, slip op. at p. 9
    (E.D. Pa. May 23, 2012)............................................................................... 15

*Palma v. Atlantic County*, 53 F. Supp. 2d 743 (D. NJ. 1999)................................ 10

*Primrose v. Mellott*, 541 F. App'x 177 (3d Cir. 2013)...................................... 14,15

*Reedy v. Evanson*, 615 F.3d 197, 211 (3d Cir. 2010) *cited
     with approval Huff*, 215 WL 4041963, slip op. at p. 3................................ 13

*United States v. Laville*, 480 F.3d 187, 194 (3d Cir. 2007)............................. 12,14

*Wright v. City of Philadelphia*, 409 F.3d 595 (3rd Cir. 2005)............................ 6,17

**Statutes**

Fed. R. Civ. P. 12(b)...................................................................................1

28 U.S.C. § 1291.........................................................................................1

28 U.S.C. § 1331.........................................................................................1

75 Pa. Con. Stat. § 3333..............................................................................5

75 Pa. Con. Stat. § 3364(a)..........................................................................5

75 Pa. Con. Stat. § 4305(a), (b)(1).................................................................5

## I.    STATEMENT OF SUBJECT MATTER AND APPELLATE <u>JURISDICTION</u>

The Appellate jurisdiction of this Court is based upon a Notice of Appeal filed by Appellant, Mawuyrayssuna Emmanuel Noviho ("Appellant" and/or "Noviho"), pursuant to 28 U.S.C. § 1291 from the Order of June 2, 2016, entered by the Honorable Judge Jeffrey L. Schmehl of the United States District Court for the Eastern District of Pennsylvania, docketed to Civil Action No. 5:15-cv-3151. Judge Schmehl granted Defendants'/Appellees' motions to dismiss pursuant to Fed. R. Civ. P. 12(b). The trial court had jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II.    <u>COUNTER-STATEMENT OF ISSUES PRESENTED</u>

**A.    WHETHER THE DISTRICT COURT CORRECTLY HELD THAT NOVIHO HAS FAILED TO STATE A FOURTH AMENDMENT CLAIM FOR UNLAWFUL SEIZURE, WRONGFUL ARREST AND FALSE IMPRISONMENT BECAUSE NOVIHO WAS CONVICTED OF THREE SUMMARY OFFENSES IN THE UNDERLYING CRIMINAL <u>PROCEEDING RELATED TO THE FATAL ACCIDENT?</u>**

*[Proposed Answer: In the Affirmative.]*

**B.    WHETHER THE DISTRICT COURT CORRECTLY HELD THAT NOVIHO HAS FAILED TO STATE A DERIVATIVE CLAIM FOR MUNICIPAL LIABILITY OR CONSPIRACY <u>UPON WHICH RELIEF CAN BE GRANTED</u>?**

*[Proposed Answer: In the Affirmative.]*

## III. STATEMENT OF RELATED CASES AND PROCEEDINGS

Appellee is not aware of any other case or proceeding that is in any way related, completed, pending or about to be presented before this Court or any other court or agency, state or federal.

## IV.   COUNTER-STATEMENT OF THE CASE

This civil rights case arises from a Motor vehicle accident that occurred on Monday, November 12, 2012 ("Accident"). The Accident occurred when Mawuyrayrassuna Emmanuel Noviho ("Noviho" or "Appellant"), a driver-trainee, had stopped along the side of the road and was in the process of merging his tractor trailer on Pennsylvania State Route 222 in Lancaster County, Pennsylvania. (Appendix II, PP. 24-25; Complaint, Paragraphs 12-13) The following undisputed facts are set forth in Mr. Noviho's Complaint or are found in the documents of record:

1. That an Accident occurred at approximately 6:50 p.m. on November 12, 2012, involving the tractor trailer operated by Mr. Noviho and a 1996 Volkswagen Passat operated by a non-party, Katie West. . *Id.* at Paragraphs 13 and 19.

2. Ms. West's husband and 2-year-old son lost their lives in this Accident Id. at Paragraph 19.

3. A mere 16 seconds before the collision, Noviho and his tractor trailer were at a complete stop on the right shoulder of Route 22. *Id.* at Paragraphs 14-15.

4. In the 16 seconds that transpired from the time Appellant began entering on to the travel portion of Route 222 and the time of the accident, Appellant attained a speed of only 17.5 miles per hour on a restricted entrance highway with a speed limit of 65 mph. *Id.* at Paragraphs 15-16, 27. See also Appendix II, P. 193.

5. At the time of the accident it was "very dark". *Id.* at Paragraph 24(c).

6. The Accident was witnessed by an unbiased third party named James Schlinkman, ("Schlinkman"). *Id.* at Paragraphs 27, 41.  Schlinkman

reported to police that "Noviho's truck had been on the shoulder of State Route 222 and was in the process of re-entering the road shortly before the crash. He also reported that the truck did not have any lights on and was traveling very slowly." *Id.* at Paragraph 42. Appellant also admits that Schlinkman,"at all times, reported that he did not see any lights, red and right reflector tape or other reflectors on the tractor prior to the crash." *Id.* at Paragraph 44.

7.   Noviho also admits that "Schlinkman portrayed the scene as very, very dark and the only lights able to illuminate the area were West's and his." *Id.* at Paragraph 47.

8.   On the basis of the totality of the evidence, seven charges were bound over for trial:

Offense 1 - Homicide by Vehicle (two counts),
Offense 2 - Aggravated Assault by Vehicle (one count)
Offense 3 - Periods for Requiring Lighted Lamps (one count),
Offense 4 - Minimum Speed Regulation (one count),
Offense 5 - Vehicular Hazard Signal Lamps (one count),
Offense 6 - Moving Stopped or Parked Vehicle (one count); and
Offense 7 - Moving a vehicle unsafely.

*Id.* at Paragraph 25; Appendix II, PP. 185-216, Rule 1925(a) Opinion dated April 7, 2015.

Following a 6-day trial, the jury found Noviho not guilty of Homicide by Vehicle and Aggravated Assault by Vehicle. However, following the jury's rendering of this verdict, the Court, sitting in judgment on the remaining summary charges, convicted Noviho of three Motor Vehicle Code violations associated with the Accident: Driving Too Slow for Conditions; Failure to use Flashing Signals; and Moving a Vehicle Unsafely pursuant to 75 Pa. Con. Stat. § 3364(a), 75 Pa. Con. Stat. § 4305(a), (b)(1), and § 3333 respectively. *Id.* Noviho appealed this

decision to the Superior Court on February 26, 2015. On February 17, 2015, Noviho's conviction on the three summary offenses was affirmed by a three-judge panel from the Superior Court of Pennsylvania. See District Court Opinion at p. 3. See also, *Commonwealth v. Noviho*, 2016 Pa. Super. Unpub. Lexis 492, 2016 WL 634806 (Feb. 17, 2016).

Despite the foregoing undisputed facts, Noviho asserts Fourth Amendment claims of unlawful seizure, wrongful arrest and false imprisonment. Pursuant to motions to dismiss filed by all Defendants, the District Court dismissed Plaintiff's Complaint. Noviho concedes that the District Court's holding was based upon sound precedent from this Honorable Court including *Wright v. City of Philadelphia*, 409 F.3d 595 (3rd Cir. 2005) and *Johnson v. Knorr*, 477 F.3d 75 (3d Cir. 2007). Appellant does not contend that either *Johnson* or *Wright* have been overruled or are not otherwise legally viable precedent. Instead, Noviho attempts to argue that these decisions are not applicable to the facts of the instant case. As discussed, *infra*, Noviho is mistaken.

Noviho also argues that he was subject to an illegal seizure because the summary offenses for which he was convicted were not included in the arrest warrant and were not committed in the presence of the arresting officer as required by Pennsylvania law. However, the District Court properly dispensed with this argument, again citing sound Third Circuit precedent in support of its decision that

Noviho's argument confused the applicable Fourth Amendment inquiry with the question of whether the arrest complied with Pennsylvania criminal procedure. The civil rights violations Noviho alleges are dependent upon the question of whether the Fourth Amendment reasonableness requirement was violated. This inquiry is separate and distinct from the question whether Noviho's arrest complied with Pennsylvania criminal procedure.  Consequently, this claim is without merit.

Noviho's malicious prosecution claims were likewise appropriately dismissed because the absence of probable cause for all of the charges asserted is a necessary prerequisite to such a claim. Here, the record is clear that Appellees Dissinger and Brown had probable cause for at least the three charges because Noviho was convicted on these charges.  Moreover, as the District Court properly found, given those convictions, Noviho could not credibly come before this Court and contend that the proceeding ended in his favor.  As a favorable termination of the underlying criminal prosecution is another essential element of a malicious prosecution claim, the District Court properly dismissed Noviho's Complaint. Thus, Noviho's claims for malicious prosecution must fail in accordance with precedent from this Honorable Court and from the Supreme Court of the United States.

Finally, given Noviho's failure to plead a viable claim under the Fourth Amendment, his derivative *Monell* and conspiracy claims likewise fail as a matter

of law.  Despite the sound reasoning of the United States District Court for the Eastern District of Pennsylvania, Noviho timely filed an appeal to this Honorable Court.  This Brief is offered in opposition to that appeal.

## V.    **SUMMARY OF ARGUMENT**

Noviho's claims of false arrest, unlawful seizure and malicious prosecution are all based upon the Fourth Amendment's prohibition against unreasonable searches and seizures. This Circuit has consistently held that a finding of probable cause for any of the charges asserted defeats a subsequent claim based upon the Fourth Amendment. Here, Noviho was convicted of three vehicle code violations that were inextricably intertwined with his conduct leading to this tragic Accident. After a six day trial, the Trial Court found Noviho  guilty of driving too slowly, moving his vehicle unsafely, and failing to use his four-way flashers, all in the context of the very same Accident that gave rise to felony vehicular manslaughter charges. The Superior Court affirmed these convictions.  Accordingly, the District Court found that Noviho's convictions precluded his claim that his arrest and prosecution lacked probable cause, and property dismissed these claims.

Noviho's criminal convictions also deprive him of any pretense of a claim to a favorable termination of the underlying criminal proceeding, thereby providing an independent basis for dismissal of his malicious prosecution claims. Noviho's municipal liability and conspiracy claims are derivative and fall of their own weight.

# VI.    ARGUMENT

### A.    THE DISTRICT COURT CORRECTLY HELD THAT NOVIHO HAS FAILED TO STATE A FOURTH AMENDMENT CLAIM FOR UNLAWFUL SEIZURE, WRONGFUL ARREST AND FALSE IMPRISONMENT BECAUSE NOVIHO WAS CONVICTED OF THREE SUMMARY OFFENSES IN THE UNDERLYING CRIMINAL PROCEEDING.

Noviho attempts to assert several claims based upon the Fourth Amendment prohibition against unreasonable seizures. Specifically, Noviho claims he was subject to an unlawful seizure, wrongful arrest, and false imprisonment. Each of these claims are premised upon some form of seizure without probable cause. *See, Garcia v. County of Bucks*, 155 F. Supp. 2d 259, 265 (E.D. Pa. 2001) (*citing, Gorman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)). Plaintiff's claim for "unlawful seizure" is merely an action asserting a "seizure" without probable cause. *See, Palma v. Atlantic County*, 53 F. Supp. 2d 743 (D. NJ. 1999). To maintain a false arrest, false imprisonment or unlawful seizure claim, a plaintiff must plead facts to establish first that a seizure existed, and second that the arresting officer lacked probable cause to effect that seizure. *See, Garcia,* 155 F. Supp. at 265. Probable cause exists when the totality of the facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense. *Id.*

A false arrest, false imprisonment or unlawful seizure claim will fail if there was probable cause to arrest for *at least one* of the offenses involved. *See, Johnson v. Knorr*, 477 F.3d 75 (3d Cir. 2007); *See also, Barna v. City of Perth Amboy*, 42 F.3d 809, 818 (3d Cir. 1994) (For an arrest to be justified, "[p]robable cause need only exist as to any offense that could be charged under the circumstances.") Here, Plaintiff was convicted of three of the crimes for which he was charged. Accordingly, not only did Detective Dissinger have probable cause to arrest, but there was sufficient evidence to convict Plaintiff, beyond a reasonable doubt, for three of the charges filed. Thus, reasonable minds cannot differ that "at least one," and indeed, three offenses were committed, and that Plaintiff committed those offenses. Accordingly, Plaintiff's claims for unlawful seizure, wrongful arrest, and false imprisonment must fail as a matter of law.

Noviho does not take issue with the notion that a finding of probable cause to arrest defeats a Fourth Amendment seizure claim as a general proposition, but instead argues that in this case such an argument fails because these charges were "not arrestable offenses under the circumstances...rendering Noviho's 'seizure' unlawful..." *See* Noviho's Brief at p 22. This argument improperly conflates the relevant Fourth Amendment analysis and Pennsylvania criminal procedure requirements regarding summary offenses not committed in the presence of the arresting officer. As discussed below, the Fourth Amendment reasonableness

analysis is controlling upon the question of whether Noviho's constitutional rights were violated.

Simply put, Plaintiff's Section 1983 claims are founded on the Fourth Amendment. The Fourth Amendment requires that there be probable cause for any governmental "seizure." Under the Fourth Amendment, an arrest is lawful so long as it is supported by probable cause. Probable cause exists whenever reasonably trustworthy information or circumstances within an arresting officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed by the person being arrested. *See*, *United States v. Laville*, 480 F.3d 187, 194 (3d Cir. 2007).

In *Huff v. Cheltenham Twp.*, WL 4041963 (E.D. Pa. July 1, 2015), the court was confronted with a circumstance remarkably similar to that in the instant case. In *Huff*, a longstanding domestic dispute existed between Ms. Huff and her significant other, Mr. Porter. Stories varied widely regarding the most recent episode of their domestic difficulties that resulted in charges being filed against both individuals. It was uncontested however, that both Ms. Huff and Mr. Porter showed signs of injury and that Ms. Huff threw Mr. Porter's cell phone into the street where it "shattered." Following an investigation by the arresting officers, Ms. Huff and Mr. Porter were arrested and charged with disorderly conduct. In contrast to the instant case, ***all*** the charges against Ms. Huff were eventually

dismissed by a magistrate judge. As in the instant case, Ms. Huff brought charges for false arrest and malicious prosecution. In opposition to these claims, the arresting officers noted that they at least had probable cause to arrest Ms. Huff on the charge of criminal mischief because she admitted to breaking Mr. Porter's phone.

In this very recent and well-reasoned decision authored by Judge Pappert, this Honorable Court began its analysis by observing that the Fourth Amendment prohibits arrests without probable cause. *Citing, Berg v. Cnty. of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000). While probable cause requires more than a reasonable suspicion, it does not require the same type of "specific evidence of each element of the offense as would be needed to support a conviction." *See, Reedy v. Evanson*, 615 F.3d 197, 211 (3d Cir. 2010) *cited with approval Huff*, 215 WL 4041963, slip op. at p. 3.

As in the instant case, the charge against Ms. Huff was for a summary offense, and, as in the instant case, that offense was not committed in the presence of the arresting officer. Like Noviho, Ms. Huff argued that as the charge against her was for a summary offense, her arrest offended the Fourth Amendment because the offense was not committed in the officer's presence. Unlike the instant case, there were no other charges supported by neutral and independent witnesses that would have supported an arrest. Furthermore, in contrast to the instant case, all

charges against Ms. Huff were dismissed by the Magistrate Judge. Nevertheless, Ms. Huff's argument continued, as Plaintiff's does here, that pursuant to the Rules of Criminal Procedure, an arrest without a warrant for a summary offense not committed in the presence of the arresting officer is permitted in only a discreet number of offenses and the charges against her were not among them.

The Eastern District Court rejected Ms. Huff's argument for the same reason that the District Court rejected Noviho's, because the Fourth Amendment reasonableness analysis is not dependant upon Pennsylvania Criminal Procedure, but is instead upon whether the "seizure" was supported by probable cause. The *Huff* court noted that the Third Circuit's decisions in *Primrose v. Mellott*, 541 F. App'x 177 (3d Cir. 2013), and *United States v. Laville*, 480 F.3d 187 (3d Cir. 2007), make it clear that the mere failure to follow the state Rules of Criminal Procedure is not dispositive of the touchstone probable cause requirement that lies at the heart of Fourth Amendment claims. More specifically, the *Huff* court cited *Primrose* with approval for the following proposition:

> "*Primrose* contends, under Pennsylvania law, a police officer does not have authority to arrest a person for a 'summary offense' that takes place out of the presence of a police officer. Of course, ***that is not the test we apply for finding probable cause under the Fourth Amendment when evaluating a false arrest claim***. 'A significant body of case law makes clear … why a Fourth Amendment determination cannot turn on the exigencies of the law of a particular state or territory….'"

*Huff*, 2015 WL 4041963, slip op. at p. 6 *citing Primrose*, 541 F. App'x at 181.

The *Huff* court's analysis noted that our Third Circuit has made it clear that the validity of an arrest under state law should not be confused with the Fourth Amendment concept of reasonableness. The Huff Court observed  that the "validity of an arrest under state law is at most a factor that a court may consider in assessing the broader question of probable cause." *Id.* slip op. at p. 6.

The Third Circuit has recognized that "the probable cause required to extinguish a false arrest claim under the Fourth Amendment is a separate inquiry from procedures an individual state authorizes by statute." *Id.* slip op. at p. 6. *See also*, *Levine v. Rodden*, 2015 WL 215178 at p. 5 (E.D. Pa. May 7, 2015) (while Pennsylvania Rules of Criminal Procedure prohibit warrantless arrests for misdemeanors committed outside the presence of the arresting officer, these Rules alone do not automatically imply similar prohibition in the United States Constitution that could become the basis for a Section 1983 claim); *Milborne v. Baker*, 2012 WL 1889148, slip op. at p. 9 (E.D. Pa. May 23, 2012) (Plaintiff's claim of a violation on warrantless arrests for misdemeanors committed outside the presence of the officer is "inapposite to the constitutional question").

The *Huff* Court also drew guidance from the Third Circuit decision in *Hughes v. Shestakov*, 76 F. App'x 450, (3d Cir. 2003).  In *Hughes*, even though probable cause existed for the arrest for the underlying summary offense, the

plaintiff claimed his Fourth Amendment rights were violated because he was arrested without a warrant for a summary offense committed outside the presence of the arresting officers.  In sweeping language, the *Hughes* court reasoned that the "Fourth Amendment does not require an arrest warrant for a minor criminal violation."  *Id.* 76 F. App'x at 451, slip op. at p. 7.  Subsequent cases have interpreted the *Hughes* decision to mean that the presence of probable cause is sufficient to defeat a false arrest or false imprisonment claim under Section 1983 even where the arrest was made without a warrant for a misdemeanor or a summary offense committed outside the presence of the arresting officers.  *Id.*

In light of the Third Circuit precedent applicable to this case, and the indisputable presence of probable cause in light of the convictions for at least three of the offenses for which Noviho was charged, it is respectfully submitted that Noviho's Fourth Amendment seizure claims in the nature of a claim for "unlawful seizure;" "wrongful arrest;" and "false imprisonment;" must fail as a matter of law.

In Count III of Plaintiff's Complaint, Plaintiff attempts to assert a claim for malicious prosecution.  In order to state a claim for malicious prosecution under Section 1983, a plaintiff must show the following:

> (1)  the defendant initiated a criminal proceeding;
>
> (2)  ***the criminal proceeding ended in plaintiff's favor***;
>
> (3)  ***the proceeding was initiated without probable cause***;

(4)   the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and

(5)   the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Estate of Smith v. Marasco,* 318 F. 3d 497, 521 (3d Cir. 2003).

As noted above, Plaintiff's claims for malicious prosecution must fail as Defendant Dissinger had probable cause to charge Plaintiff with at least some of the offenses at issue. *Wright v. City of Philadelphia*, 409 F.3d 595, 604 (3d Cir. 2005). In *Wright,* the Third Circuit held that a finding of probable cause for at least one of the charges involved in the underlying criminal proceeding disposes of a subsequent malicious prosecution claim with respect to all the charges.

In *Wright*, the plaintiff faced charges of burglary, theft, criminal trespass and criminal mischief for breaking into a house where she was allegedly sexually assaulted.  The city police officers conducted two separate investigations regarding the break in and the sexual assault.  All of the charges brought against the plaintiff were eventually dismissed.  However, the court concluded that there was probable cause to arrest and prosecute the plaintiff on the criminal trespass charge based upon the information available to the officers at the time of the arrest.  With regard to the subsequent claim for malicious prosecution, the *Wright* court held:

> "Even though our discussion of probable cause was limited to the criminal trespass claim, it disposes of her malicious prosecution claims with respect to all of the charges brought against her, including the burglary."

*Id.* 409 F.3d at 604.

Thus, the Third Circuit has determined that the existence of probable cause for an arrest, stemming from the existence of probable cause for at least one charge, precludes a plaintiff from proceeding with a malicious prosecution claim with respect to any of the charges brought against him. *Id.* On the basis of this Court's reasoning in *Wright,* a finding of probable cause for at least one of the offenses charged, conclusively resolves the third prong of a plaintiff's burden (that the charges were brought without probable cause) and thwarts Noviho's malicious prosecution claim as a matter of law.

Noviho's claims for malicious prosecution must be dismissed for an additional and independent basis as well. In this case, Noviho has failed to plead, much less state, any facts in support of a contention that he received a "favorable termination" in the underlying criminal prosecution. Such a contention is an essential prerequisite to a viable malicious prosecution claim. *Estate of Smith v. Marasco,* 318 F. 3d 497, 521 (3d Cir. 2003). As noted above, in order to plead a Section 1983 malicious prosecution claim, a plaintiff must "show" with facts, that:

> "(1) The defendants initiated a criminal proceeding;
> (2) ***The criminal proceeding ended in plaintiff's favor;***
> (3) The proceeding was initiated without probable cause;

> (4) The defendants acted maliciously and for a purpose other than bringing the plaintiff to justice; and
> (5) The plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding." (Emphasis added).

*Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

The purpose of the "favorable termination" requirement is to avoid the possibility that a claimant may file a successful tort action having been convicted in the underlying criminal prosecution thereby contravening the strong judicial policy against the creation of two conflicting resolutions out of the same or identical transaction. *See, Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). It has long been the law of this Circuit that a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the "favorable termination" element. *See, Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002); *see also, Gilles v. Davis*, 427 F.3d 197, 211 (3d Cir. 2005) (Expungement under the ARD program was not a "favorable termination" because the program imposes burdens upon the criminal defendant not consistent with innocence).

Thus, this Circuit has announced unequivocal precedent that if the underlying criminal judgment, when taken as a whole, does not reflect a plaintiff's innocence, then the plaintiff has failed to establish the "favorable termination" element. *See, Kossler v. Crisanti*, 564 F.3d 181. In *Kossler*, the Third Circuit was

confronted with a bar fight in which an intoxicated citizen injured an off-duty police officer albeit, in the course and performance of his duties. Mr. Kossler was charged with aggravated assault in the first and second degree as well as with the summary offense of disorderly conduct. Although the trial court declined to find any misdemeanors or felonies, Mr. Kossler was convicted and found guilty of disorderly conduct and fined $100.00. When Mr. Kossler subsequently filed a malicious prosecution claim, the Third Circuit was faced with the prospect of determining whether the conviction on the disorderly conduct charge barred the malicious prosecution claim on the basis that the plaintiff could not establish that there was a "favorable termination" of the underlying criminal prosecution.

In finding that the disorderly conduct conviction barred the malicious prosecution claim, the Third Circuit concluded that Mr. Kossler's acquittal on the aggravated assault and public intoxication charges could not be divorced from his simultaneous conviction for disorderly conduct when all three charges arose from the same course of conduct. Accordingly, the Third Circuit upheld the dismissal of the malicious prosecution claim for failure to establish the favorable resolution element of the claim. *Id.* at 189.

In this case, Noviho's acquittal for the vehicular homicide and aggravated assault charges arises from the same common nucleus of operative facts and cannot be separated from his conviction for driving too slow for conditions and moving

his vehicle unsafely. Each of these vehicle code violations pertain to conduct that was an essential element in the happening of the Accident. As the Record is uncontradicted that Plaintiff was convicted of several of the inextricably intertwined offenses that gave rise to this tragic Accident, Noviho's malicious prosecution claims must fail as a matter of law. Like the charges that stemmed from the bar fight in *Kossler*, the charges for which he was found not guilty arise from the same common nucleus of operative fact as those for which he was found guilty. As the Third Circuit noted in Kossler: "As a result, [Noviho's] acquittal on the aggravated assault [and other] charges cannot be divorced from his simultaneous conviction for [the unsafe and slow driving charges] when all... charges arose from the same course of conduct." *Id.* at 188. Thus, as Kossler's malicious prosecution charges were dismissed as a matter of law, Plaintiff's malicious prosecution claims must likewise fail as a matter of law as Plaintiff has not and cannot establish the requisite favorable termination element of this claim.

### B.    NOVIHO HAS FAILED TO STATE A CLAIM FOR CONSPIRACY UPON WHICH RELIEF CAN BE GRANTED.

In Counts IV and V, Plaintiff attempts to assert claims of conspiracy with regard to the underlying allegations set forth in Counts I and III respectively. Plaintiff's claims for conspiracy must fail as Plaintiff has failed to state claims for the underlying objects of the conspiracy, i.e. the unlawful seizure, wrongful arrest, false imprisonment and malicious prosecution claims. Moreover, Plaintiff has

insufficiently pled any overt act in furtherance of the particular objects of the conspiracy, and has only stated same in conclusory fashion in violation of the Federal Rules of Civil Procedure. Therefore, conspiracy must fail as a matter of law.

## VII.  CONCLUSION

In light of the arguments and authorities set forth above, Defendant Dissinger respectfully requests this Honorable Court enter an order dismissing Plaintiff's claims against him with prejudice.

Date: _11.02.16_

/s/ Rolf E. Kroll
ROLF E. KROLL, ESQUIRE
**MARGOLIS EDELSTEIN**
PA. Attorney I.D. No. 47243
3510 Trindle Road
Camp Hill, PA  17011
Main: (717) 975-8114
Direct:  (717) 760-7502
Fax:  (717) 975-8124
rkroll@margolisedelstein.com

*Counsel for Appellee,*
*Christopher Dissinger*

# <u>CERTIFICATE OF BAR MEMBERSHIP</u>

Pursuant to Third Circuit Appellate Rule 28.3(d), I, Rolf E. Kroll, certify that I am a member of the bar of this Court.

Date: _11.02.16_

/s/ Rolf E. Kroll
ROLF E. KROLL, ESQUIRE
**MARGOLIS EDELSTEIN**
PA. Attorney I.D. No. 47243
3510 Trindle Road
Camp Hill, PA  17011
Main: (717) 975-8114
Direct:  (717) 760-7502
Fax:  (717) 975-8124
rkroll@margolisedelstein.com

*Counsel for Appellee,*
*Christopher Dissinger*

## <u>CERTIFICATE OF TYPE-VOLUME LIMITATION</u>

Pursuant to Federal Rules of Appellate Procedure 32(a)(7)(C), I, Rolf E. Kroll, certify that this Brief complies with the type-volume limitation imposed by Fed. R. App. P. 32(a)(7)(B).  This Brief contains 4,435 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

Date: *11.02.16*

*/s/ Rolf E. Kroll*
ROLF E. KROLL, ESQUIRE
**MARGOLIS EDELSTEIN**
PA. Attorney I.D. No. 47243
3510 Trindle Road
Camp Hill, PA  17011
Main: (717) 975-8114
Direct:  (717) 760-7502
Fax:  (717) 975-8124
rkroll@margolisedelstein.com

*Counsel for Appellee,*
*Christopher Dissinger*

# CERTIFICATE OF IDENTICAL FILING

Pursuant to Third Circuit Appellate Rule 31.1(c), I, Rolf E. Kroll, certify that the text of the electronic version of this Brief is identical to the text in the paper copies of this Brief.

Date: *11.02.16*

/s/ *Rolf E. Kroll*
ROLF E. KROLL, ESQUIRE
**MARGOLIS EDELSTEIN**
PA. Attorney I.D. No. 47243
3510 Trindle Road
Camp Hill, PA  17011
Main: (717) 975-8114
Direct:  (717) 760-7502
Fax:  (717) 975-8124
rkroll@margolisedelstein.com

*Counsel for Appellee,*
*Christopher Dissinger*

# **CERTIFICATE OF VIRUS CHECK**

Pursuant to Third Circuit Appellate Rule 31.1(c), I, Rolf E. Kroll, certify that the virus detection program, Symantec Endpoint Protection, was run on the electronic version of this Brief and no virus was detected.

Date: *11.02.16*

*/s/ Rolf E. Kroll*
ROLF E. KROLL, ESQUIRE
**MARGOLIS EDELSTEIN**
PA. Attorney I.D. No. 47243
3510 Trindle Road
Camp Hill, PA  17011
Main: (717) 975-8114
Direct:  (717) 760-7502
Fax:  (717) 975-8124
rkroll@margolisedelstein.com

*Counsel for Appellee,*
*Christopher Dissinger*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing on the following, via the US District Court ECF filing system at the address listed below:

George A. Reihner, Esquire
Wright & Reihner, P.C.
<u>Gareihner@wrightreihner.com</u>
*Counsel for Plaintiff*

David J. MacMain, Esquire
Megan K. Kampf, Esquire
MacMain Law Group, LLC
<u>dmacmain@macmainlaw.com</u>
<u>mkampf@macmainlaw.com</u>
*Counsel for Lancaster County, Scott Martin and Todd Brown*

Date: *11.02.16*                    */s/ Rolf E. Kroll*
                                    ROLF E. KROLL, ESQUIRE
                                    **MARGOLIS EDELSTEIN**
                                    PA. Attorney I.D. No. 47243
                                    3510 Trindle Road
                                    Camp Hill, PA  17011
                                    Main: (717) 975-8114
                                    Direct:  (717) 760-7502
                                    Fax:  (717) 975-8124
                                    <u>rkroll@margolisedelstein.com</u>

                                    *Counsel for Appellee,*
                                    *Christopher Dissinger*